SINCLAIR ET AL. v. WALKER ET AL.

Conveyance: DEED: MORTGAGE: The evidence must be clear and satisfactory to construe a deed, absolute upon its face, to be a mortgage.

*Appeal from Linn District Court.*

FRIDAY, JUNE 19.

The petition alleged in substance that on the 11th day of December, 1869, the plaintiff, John M. Curless, borrowed of the First National Bank of Cedar Rapids, through its cashier and agent, the sum of three hundred dollars, to be paid in the spring or summer of 1870, with interest at ten per cent. per annum, and that to secure said sum he deeded to W. W. Walker, the President of said bank, the lands in controversy, consisting of about sixty acres adjacent to Cedar Rapids.

That on the 16th of September, 1871, said Curless tendered to Weare, the cashier of the the bank, said three hundred dollars, together with interest thereon, and the taxes paid upon the land, and demanded that Walker should re-convey by quitclaim deed. That Weare and Walker, and the bank through them as its cashier and president, refused to accept said money or to re-convey the land, the said Weare claiming that the transaction by which the land was deeded to Walker was an absolute purchase of the same by the bank. That about September 17th, 1871, Walker and wife conveyed said land to

Weare, without consideration, at his request. That September 16, 1871, Curless conveyed said land to the plaintiffs John and Thomas M. Sinclair, and that they are now the equitable owners thereof. Plaintiffs pray that the amount due the bank be ascertained, that the deed from Walker to Weare be canceled, and that a deed be ordered from Walker to John and Thomas M. Sinclair.

The answer alleges that Weare was the agent of John Davenport, a non-resident. That as such agent, about June 29th, 1869, he loaned Curless $850, for which Curless gave a note for $450, and one for $400, each bearing interest at ten per cent. and secured by mortgage on the land in controversy.

That on the 11th of December, 1869, Curless, through his agent, one O. O. Stanchfield, sold to Weare all his right, title and interest in said land, in consideration of $300 and an agreement to· pay the Davenport notes at maturity and hold Curless harmless therefrom. That Weare borrowed of the First National Bank of Cedar·Rapids, the sum of three hundred dollars, which he, for himself, paid to Curless, and that to secure the payment of the sum so borrowed, he caused the premises to be conveyed to W. W. Walker, with the distinct understanding that Walker should. convey to Weare, upon the payment to the bank of said three hundred dollars and interest. That Weare paid said sum and Walker conveyed to him the land. That Weare paid the two Davenport notes at maturity, and that in March, 1870, Weare and Curless entered into a written contract of lease, whereby Curless leased the land of Weare for the cropping season of 1870, and was to pay $150 rent, in fencing and other necessary improvements on the ·land.

Afterwards, plaintiffs filed a supplement to their petition, ·alleging that at the time of the negotiations touching the land, Curless had no knowledge in fact as to any provision in the laws of Congress prohibiting National Banks from taking mortgages to secure loans made, or that any restrictions on the powers of such banks .to purchase or deal in real estate existed, ·and that in executing the deed in controversy he had no intention to violate said law.

The cause was tried by the Court, and plaintiffs' petition was dismissed. Plaintiffs appeal.

*I. N. Whittam* and *Conklin & St. Clair*, for appellants.

*N. M. Hubbard*, for appellees.

DAY, J.—The evidence is too voluminous to be all reviewed within the proper limits of an opinion. Some of it is inconsistent with any view of the case. No conclusion can be reached which does not involve a rejection of some of the tes-

<div style="margin-left:2em; font-size:smaller">CONVEYANCE: deed: mortgage.</div>

timony. In this respect the case is like almost every one which involves facts to be established by evidence. In such cases, if the mind should adopt no conclusion against which objection exists, no conclusion would ever be reached. Certainty is not attainable. Each member of the court has given the evidence submitted a careful perusal, and we unite in the conclusion that it sustains the judgment of the court below, and establishes the fact that the transaction was a sale to Weare. The burden of proof is on the plaintiffs. Before a deed absolute upon its face can be declared a mortgage, the evidence must be clear and satisfactory. See *Corbitt v. Smith*, 7 Iowa, 60 and cases cited; *Cooper v. Skeel et al.*, 14 Iowa, 578; *Gardner et ux. v. Weston*, 18 Iowa, 533.

The facts that no note or evidence of indebtedness was given, that the time of re-payment was not definitely fixed, and that Curless became a tenant of Weare under a written lease of the property, tend strongly to support the conclusion that the transaction was a sale. In addition to these is the fact that the amount paid, about $1200, was very nearly the full value of the land, for Curless testifies that he offered to sell it for $1500.

There is also the positive testimony of Weare and Stanchfield that the sale was absolute; and the declaration of Curless that he had sold and was going to California. Further, the reputation for truth of Curless, the principal witness on behalf of plaintiffs, is impeached by five witnesses, and his general moral character by one, and he is sustained by none. It is urged that if the money paid Curless was borrowed of the

bank by Weare and the deed executed to Walker to secure this loan, the whole transaction is vitiated, because the bank had no authority to accept real estate as security for a loan.

This position is not well taken. The transaction between Curless and Weare cannot be affected by the means through which Weare obtained the money to pay for the property. That is a matter solely between Weare and the bank.

We could not fully review the evidence without extending the opinion to undue length. We have read it carefully, and we feel satisfied with the result.

AFFIRMED.