ADAMS & CO. v. HICKOX.

1. **Evidence**: OWNERSHIP: ASSESSOR'S BOOKS. Evidence that property was assessed to a certain person is not competent to prove his ownership thereof.

*Appeal from Marshall Circuit Court*

THURSDAY, APRIL 7.

IN this action the plaintiffs, J. M. Adams & Co., a partnership composed of J. M. Adams and M. H. White, replevied

certain horses, harnesses, wagons, and other personal property used by them as a partnership engaged in the business of draying. The defendant, as sheriff of Marshall county, held the property under an execution, issued upon a judgment against Adams alone. The plaintiffs averred that the property in question belonged to them as a firm, and that it was not the individual property of Adams. This the defendant denied. There was a trial by jury, and a verdict and judgment were rendered for the defendant. The plaintiffs appeal.

*J. F. Meeker* and *W. E. Snelling*, for appellant.

*P. M. Sutton*, for appellee.

ADAMS, CH. J.—Under section 3053 of the Code, the interest of a partner in partnership property may be levied upon 1. EVIDENCE: for the individual debt of the partner, and the ownership: books of assessor. officer may take possession of the property sufficient to enable him to appraise and inventory the same. But the levy in this case was not made upon Adams' interest as a partner, but upon the entire property as the sole and individual property of Adams, and the defendant seeks to hold the same as such.

The question submitted to the jury was as to whether the property was the individual property of Adams, or whether it belonged to the plaintiffs as a partnership. Both the plaintiffs testified that the property was partnership property. To rebut this testimony the defendant offered in evidence the assessor's book for the city of Marshalltown, showing the property to be assessed to J. M. Adams. To this evidence the plaintiff objected on the ground that it was immaterial, incompetent and irrelevant, and not binding upon the firm. The court overruled the objection and admitted the book, and the plaintiffs excepted.

The book appears to have been introduced upon the theory that it tended to show that at the time of the assessment

Adams claimed to be the owner of the property. Whether if Adams had so claimed it would have been competent to prove such claim, as against the firm, we might not be agreed, and do not determine. In our opinion it was not a proper way of proving what Adams claimed. So far as the assessment itself shows the property might have been assessed to Adams against his claim. It is no uncommon thing for property to be assessed to the wrong person. If such fact can be made evidence of title in such person there would be little safety for any one.

The defendant introduced the assessor as a witness, and he was allowed to testify, against the objection of the plaintiffs, that he assessed the property to Adams.

If, as we hold, the fact of the assessment could not be shown by the book because immaterial, it could not, for the same reason, be shown by testimony.

In our opinion the court erred in allowance of evidence of the fact of the assessment.

REVERSED.