Langer v. Meservey.

LANGER v. MESERVEY *et al.*

Deed: ABSOLUTE ON FACE—CONDITIONAL IN FACT: EVIDENCE TO PROVE. Under the rule that a deed absolute on its face may be shown by parol to have been intended merely as a mortgage, it was proper, in this action to enjoin the sale of land upon execution against plaintiff's daughter, who held under a deed from the plaintiff, to admit parol testimony to prove that the conveyance, though absolute in form, was upon condition that the daughter was to board, clothe and care for plaintiff during life, and, upon failure so to do, or if plaintiff should become dissatisfied and leave the daughter, the latter should reconvey to her. But it is another rule in such cases that the evidence must be clear and satisfactory, in order to avoid the absolute effect of the deed; and the evidence in this case (see opinion) *held* to be insufficient. (See opinion for citations upon rules of law involved.)

*Appeal from Humboldt District Court.*—HON. GEORGE H. CARR, Judge.

FILED, MAY 19, 1890.

ACTION in equity to enjoin a sheriff's sale of certain real estate. There was a decree for the plaintiff. Defendants appeal.

*Theo. Hawley*, for appellant.

ROTHROCK, C. J.—On the twenty-first day of March, 1877, the defendants, Theodore Hawley and A. C. Meservey, recovered a judgment in the Webster county district court, against Victoria Schrameck and Frank Schrameck, for some seven hundred dollars.

On the fourth day of April, 1883, the plaintiff herein conveyed a lot in Dakota City, Humboldt county, to said Victoria Schrameck. After the conveyance was made, the defendants procured a transcript of said judgment to be filed in the office of the clerk of the district court of Humboldt county, and the judgment was duly docketed therein. An execution was issued for a balance due on the judgment, and a levy of the execution was made upon said lot, and the sheriff of Humboldt county was proceeding to advertise and sell the lot in satisfaction of the balance due on the judgment, when this action was commenced to restrain the sale, on the ground that the plaintiff was the real owner of the property. The conveyance from the plaintiff to Victoria Schrameck was made by a deed in the usual form, and the consideration named therein was one thousand dollars. The plaintiff is the mother of said Victoria Schrameck, and it is averred in the petition that no money consideration was paid, or agreed to be paid, for the lot, but that the real consideration was that Victoria Schrameck agreed to furnish a home, and board, clothe, care for and support the plaintiff during the remainder of her natural life, and that the title was conveyed merely as security for the performance of said contract of maintenance; and that, in case of any failure on the part of Victoria Schrameck to perform the contract, the said property should revert to the plaintiff, and the title thereof should be reconveyed to her. It will be observed from the above facts, which are in substance set out in the petition, that the pleader evidently intended to invoke the rule that a conveyance of real estate may be shown by parol to have been a mere security for the payment of money, or, in other words, that it may be shown by parol to have been intended merely as a mortgage. That such is the law there can be no question. See *Trucks v. Lindsey*, 18 Iowa, 504; *Key v. McCreary*, 25 Iowa, 191; *Green v. Turner*, 38 Iowa, 112, and other cases determined in this court. Another rule equally well established is, that the proof to establish

that a deed absolute on its face is to be treated as a mortgage should be clear and satisfactory. *Corbitt v. Smith*, 7 Iowa, 60; *Hyatt v. Cochran*, 37 Iowa, 609; *Sinclair v. Walker*, 38 Iowa, 575; *Zuver v. Lyons*, 40 Iowa, 510; *Kibby v. Harsh*, 61 Iowa, 196; *Knight v. McCord*, 63 Iowa, 429.

The evidence upon which it is sought to vary the terms of the deed consists of the testimony of the plaintiff and the said daughter, and the husband of the daughter. Victoria Schrameck testified as follows: "She [the plaintiff] deeded the property to me with the understanding that I was to keep her so long as she lived and support her. Catherine Langer controls the property. I have never paid her anything for the property, except as I have stated. She deeded this property to me about five years ago. This contract between mother and me was made before the building was put up or any land purchased. There was no written contract, but that was our understanding. I took possession of the property under this contract. I am now holding the property for Catherine Langer." In answer to the question whether there was any agreement by which she was to convey the property back to her mother, she testified as follows: "There was such an agreement. It was that I should convey the property back to her whenever she became tired of living with me. Whenever she went away, or should happen to die, then the property should belong to me, but if she came back I was to convey it back to her as I did. I and my husband, Frank Schrameck, have never paid any of our own money towards the purchase of this property, or on the buildings or improvements."

The plaintiff testified as follows: "Q. State whether or not there was any agreement between yourself and Mrs. Schrameck, when you conveyed the lot and building to her; if so, state what said agreement was. (Objected to by defendants as incompetent, immaterial and irrelevant, and because it seeks to change, vary or modify a written instrument by parol.) A. There was

such an agreement. Said agreement was that, being sickly at the time, in case of death the property should be Mrs. Schrameck's; otherwise fall back to me.

"*Q*. State whose money paid for the lot and building in question. (Objected to by defendants as incompetent and immaterial.) *A*. My own money. I have always exercised full control over the building and lot. This agreement was made before she moved into the building. That agreement was oral.

"*Q*. State whether or not it was agreed in that contract that Mrs. Schrameck was to keep, clothe and board you for the use of that property. (Objected to by defendants as incompetent, immaterial and irrelevant, and because it seeks to change, vary and modify by parol the terms of the written deed, and annex thereto conditions not contained therein.) *A*. Yes, sir; she is now supporting me under that agreement."

"*Q*. State whether or not Mrs. Schrameck has ever paid you any other consideration for the property, except boarding, clothing and lodging, as you have testified. (Objected to for the same reasons as those stated in last above objection.) *A*. No; the legal title of that property is now in my name."

Frank Schrameck testified as follows: "I live in Dakota City, and am the husband of Victoria Schrameck. I was present when the agreement in relation to this property was made between Catherine Langer and my wife.

"*Q*. State fully what that was. (Objected to by the defendants for the same reasons interposed in a similar question asked Mrs. Schrameck and Mrs. Langer.) *A*. The agreement was that she, Catherine Langer, put up the building, and gave to my wife after her death, if she keep her, clothe and board her, during her natural life; and that, whenever she became dissatisfied with her to live, to get the property back. I never paid anything for the property in question. I did no work on the building. I had no interest in the property."

It appears from other evidence in the case that Victoria Schrameck held the legal title to the property before the plaintiff held it, and that while she owned it she at different times executed three mortgages upon it; and, although the record does not show a conveyance from her to her mother before the conveyance from her mother to the her, we infer that there was one. But it does appear that she conveyed back to her mother after this suit was commenced. In view of the frequent transfers of this property, and the execution of the mortgages upon it by Victoria Schrameck, and the indefinite nature of the alleged oral contract, we do not think the evidence is of that clear, satisfactory, conclusive character which is required to establish the fact that the deed in question was intended as a mortgage. Indeed, the transaction appears to be more in the nature of an express-trust, which the plaintiff seeks to engraft on the deed by parol. But, without determining that question, we are content to rest our decision upon the ground that the evidence is sufficient to authorize a finding that this deed, which is absolute on its face, should be regarded as a mortgage or conditional instrument. The decree of the district court will be                        REVERSED.