JACOB EHERKE v. HECHT, POLLE AND JOHN DETTMAN, Appellants.

**Fraudulent Conveyance: TRUSTEE.** Where land absolutely conveyed
1 is, in fact, transferred merely to secure an agreement to support grantee for life, the land cannot be sold to pay grantee's debts.

**EVIDENCE.** That personal property was assessed to said grantee
2 instead of to the real owner of the land deeded to her does not show fraud in the transfer of the land.

*Appeal from Crawford District Court.*—HON. C. D. GOLDSMITH, Judge.

SATURDAY, OCTOBER 19, 1895.

Suit in equity to restrain an execution sale of real estate which plaintiff claims to be the owner of. Decree for plaintiff, and defendants appeal.— *Affirmed.*

*T. J. Garrison* and *J. P. Conner* for appellants.

*R. Shaw Van* and *E. R. Duffie* for appellee.

Deemer, J.—In the year 1879, the defendants Hecht and Polle received judgment against Albert and Rosanna Eherke in a certain proceeding brought to foreclose a mortgage given by the Eherkes to them as security for a loan. This judgment was satisfied in part only by the sale of the land. This judgment was in the year 1892 certified to the district court of Crawford county, and an execution thereafter issued, which was levied upon the land which is the subject of this

controversy. The record title to this undivided one-half of the land was at the time of the levy of the writ in the name of Rosenna Eherke, and the title to the other half was in the plaintiff. The plaintiff claims to be the owner in fee of one-half of the land, and the beneficial owner of the other half; that Rosenna Eherke holds a deed to a half of the property simply as security, and as an assurance for the performance by plaintiff of an oral agreement made by him to support Rosenna and her husband (plaintiff's parents) during the term of their natural lives; that she paid no part of the consideration therefor, and holds the same merely as security. Defendants deny any agreement on the part of plaintiff to support his parents, deny that Rosenna Eherke holds title to the one-half of the property as security for any such promise, and deny that plaintiff is the real owner of any part of the real estate. They further allege that Rosenna Eherke is the owner of an undivided one-half of the land, and that Albert Eherke is the real and equitable owner of the other half, but that the title to the same was taken in the name of plaintiff, and has since been held by him in order to cheat and defraud the creditors of Albert Eherke. In reply, the plaintiff alleges that the alleged fraudulent acts of plaintiff and his parents occurred more than five years prior to the commencement of this action, and that defendant's claim to the property is barred by the statute of limitations.

I. The question as to whether the conveyance to Rosenna Eherke of an undivided one-half of the land was and is absolute or intended only for security is simply one of fact. The only disputed proposition of law is as to the *quantum* of proof required to establish the plaintiff's claim. It seems to have been held in this state that, notwithstanding both parties to a conveyance agree to its being defeasible in character, yet the burden is upon them in an action by either against

third parties to show by clear and satisfactory evidence that a conveyance absolute in form was intended to be but a mortgage. *Langer v. Meservey*, 80 Iowa, 158 (45 N. W. Rep. 732). The rule announced is questioned by counsel for appellee, who insist that the true rule is that, where both parties agree as to the character of a conveyance, the court should accept their construction of it, unless it appears that their claim is fraudulent, or that the transaction was for the purpose of defrauding creditors. We are not disposed to question the rule announced in the case above cited at this time, for it is not necessary to do so to determine the case at bar. Applying to the testimony the strict rule announced in the *Langer Case*, we think that plaintiff has established beyond question that the conveyance to Rosenna Eherke was made simply as security to assure the performance by plaintiff of an agreement made many years before, and, in consideration of the transfer to him of certain personal property, to support Rosenna and her husband during their natural lives. We cannot be expected to set out all the testimony on which we rely. It is sufficient to state that Rosenna Eherke furnished no part of the consideration for the property. She has never exercised any acts of ownership over it except to live upon the farm as a member of the family. Plaintiff paid all of the consideration for the land, and has always used and occupied it. But little, if any, of the purchase price came from the property which was ever owned by either Rosenna or Albert Eherke. The payments made upon it were small, and came largely, if not wholly, from produce raised upon the land by the plaintiff. The agreement to support Rosenna and Albert Eherke is quite fully established, and, while the parties may not have been as explicit in their dealings with reference to the land as if they were strangers to each other, yet we think it is clearly shown that the

title was taken to one-half of the land in the name of Rosenna Eherke simply as security.

II. Counsel for appellants contend that the title to the half of the land resting in plaintiff is held by him in fraud of the rights of creditors of Albert Eherke. Their claim is that in 1879 Albert Eherke, who was then the owner of certain real and personal property in Cedar county, Iowa, which was heavily incumbered, became insolvent; that his land was taken from him by foreclosure of mortgages thereon, and that he transferred his personal property to a son in fraud of the rights of creditors, and that his son transferred the personal property to plaintiff, with the purpose and intent of aiding Albert Eherke in defrauding his creditors; that Albert Eherke has at all times been the owner of the personal property, and was in fact the purchaser of the land in dispute, or at least one-half of it. The burden is upon defendants to establish this affirmative defense, and in this they have, as we think, failed. At or about the time of the foreclosure proceedings, Albert Eherke was in ill health, and unable to do much manual labor. He seems to have lost hope and courage. His real estate was gone, and his personal property was largely incumbered, and judgments were hanging over him, which he could not satisfy. In this dilemma, he agrees with a stepson to turn over to him his personal property, which was then incumbered to nearly its full value, in consideration of an agreement on the part of the stepson to pay off the incumbrances, and support him and his wife during life. The stepson took possession of the property, rented some land, and carried on the business of farming for nearly two years. He paid off the most, if not all, of the incumbrances against the personal property, and supported his parents according to the agreement. In 1881 the stepson married, and he sold and transferred the personal property received from the

step-father to his brother Chris. Dettman and his half-brother Jacob Eherke, the plaintiff herein. Plaintiff and his half-brother assumed the agreement to care for and support the parents, and paid to the original purchaser the sum of five hundred dollars. In 1883 all the parties referred to removed from Cedar to Crawford county, and, from that time down to the purchase of the property in dispute, lived upon land which was rented by the two sons. After coming to Crawford county, plaintiff purchased his half-brother's interest in the personal property, and in 1887 purchased the land which is the subject of this suit. We do not think the defendants have shown fraud in any of these transactions. About the only testimony relied upon is the fact that the personal property belonging to these people was not assessed to plaintiff in Cedar county, but was assessed to Rosenna Eherke; and that it was for many years assessed in Crawford county to Rosenna, and not to plaintiff. This is attempted to be shown by the assessor's books and certified copies thereof. In the case of *Adams v. Hickox*, 55 Iowa, 632 (8 N. W. Rep. 485), we held that such testimony was not admissible. See, also, *Hecht v. Eherke*, 95 Iowa, 757 (64 N. W. Rep. 650). We think the plaintiff has established that the conveyance of Rosenna Eherke was intended as security for the performance of plaintiff's contract, and that defendants have failed to establish fraud in the conveyance to plaintiff. The decree of the district court is *affirmed*.