[No. 6616.   Decided March 26, 1907.]

THE CITY OF SPOKANE, *Respondent*, v. M. PATTERSON, *Appellant*.[1]

EVIDENCE—MAPS—ADMISSIBILITY. A map upon which a witness designated the location of objects is admissible in connection with his testimony where it is reasonably accurate.

MUNICIPAL CORPORATIONS—POLICE POWER—ORDINANCES—BLASTING. An ordinance prohibiting "blasting" applies to shots so arranged as to make a chamber at the bottom of the drilled hole, technically called a "spring" shot as distinguished from a stronger charge called a "blast," where it appears that the former hurls pieces of rock a great distance and produces the commonly understood effect of blasting.

SAME—MASTER AND SERVANT—TORTS OF SERVANT—CRIMINAL RESPONSIBILITY OF MASTER. An employee is guilty of violating an ordinance prohibiting blasting unless the same is properly covered, although the act was done by his servant contrary to his orders and when he was not present, where the general work of blasting was being done by his authority; since the same is a police regulation in which the element of intent is unessential.

SAME—PARTNERSHIP—CRIMINAL RESPONSIBILITY OF PARTNERS. It is immaterial that one found guilty of the violation of an ordinance prohibiting blasting was a member of a partnership carrying on the work, or that others with him jointly committed the offense.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 25, 1906, upon a trial and conviction of the violation of a city ordinance relating to blasting. Affirmed.

*Geo. W. Shaefer*, for appellant.

*J. M. Geraghty* and *Lester P. Edge*, for respondent.

HADLEY, C. J.—The defendant in this cause was charged in the police justice court of the city of Spokane with violating an ordinance of said city relating to blasting, in that he

[1]Reported in 89 Pac. 402.

unlawfully discharged a blast without having the same securely covered so as to prevent danger to persons and property. On appeal to the superior court, the cause was there tried before a jury, a verdict of guilty was returned, judgment was entered that the defendant shall pay a fine of $100 and costs, and he has appealed. An ordinance of the city of Spokane provides as follows:

"SEC. 4. In all cases of blasting rock or stone within the city of Spokane, each blast, before firing it, shall be securely covered with chain aprons, brush or other materials, to be placed over and around such charge in such manner that all danger to persons and properties shall be absolutely prevented." Ordinance No. A24, § 4.

There was sufficient evidence for the jury to find that the ordinance was violated in the arrangement of the blast in question. But appellant denies his own liability to punishment for the reason that he did not personally place and discharge the blast. It was done by his employee, and he claims that the failure to properly cover the blast was without his knowledge and against his instructions.

The first error assigned is that the court permitted respondent to introduce in evidence a certain map for the purpose of showing the location of the blast. The objection is on the ground that it was not definitely shown where the man said to have been injured was located, and also, that neither the location of the blast nor who discharged it had been sufficiently shown. We think there was sufficient evidence upon these subjects, and that it appeared from the testimony that the map was reasonably accurate. The locations were designated upon the map by pencil marks made by a witness in the presence of the court and jury. The map was offered in connection with the testimony, and it was therefore proper to admit it as an aid to the court and jury.

"It is the common practice in the courts to receive private or unofficial maps, diagrams, models, or sketches for the pur-

pose of giving a representation of objects and places which
generally cannot otherwise be as conveniently shown or de-
scribed by witnesses, and when proved to be correct or offered
in connection with the testimony of a witness they are ad-
missible as legitimate aids to the court or jury." 17 Cyc.
412.

Several assignments of error relate to instructions of the
court in relation to blasting and "springing." Appellant con-
tends that a distinction should have been observed; that a
"spring" shot is so arranged that it simply makes a chamber
at the bottom of the drilled hole, while a blast proper is a
stronger charge, and both tears and throws the earth and
rock. It is contended that this was arranged for a spring
shot, and that the provision of the ordinance covers only
blasts. To the layman this appears to be a somewhat techni-
cal distinction when the purpose of the ordinance is consid-
ered. It was manifestly intended to protect persons against
danger from discharges of powder or other explosives within
the city limits when applied to the commonly understood pur-
pose of blasting; that is to say, to the tearing or jarring loose
of rock, earth, or other material. There was testimony that
this shot burst forth from the hole, and that pieces of rock
were hurled a great distance. It would therefore seem to be
immaterial by what name it was called, since it was so adjusted
that the effect produced was that which comes from blasting.
The court did not err in this particular.

Several assignments of error are comprehended by the ob-
jection to the following instruction, which was given to the
jury:

"If you believe from the evidence beyond a reasonable
doubt that* the time the blast was discharged the man Miller
actually discharged the same, was in the employ of the de-
fendant, and was engaged by the defendant for the purpose
of doing blasting, and was acting with the scope, within
the course of his employment, even though the defendant did
not authorize Miller to discharge said blast without having
the same properly covered so as to render the same harmless
to the public, and even though Miller disobeyed the defendant

in discharging the blast, you must find the defendant guilty as charged in the complaint."

The above presents the principal point in the case, viz., can an employer in any case be made criminally liable on account of the neglect of his employee, when he has not consented thereto and when he may even have instructed a different course. The evidence in the case shows that appellant was engaged in work about the place and in connection with loading and hauling the blasted and quarried rock, although he was at some distance from the blast itself. He was a principal, and the work was being done as a part of the business he was there conducting. Although he was not immediately present, yet the general work of blasting at that place was being done under his general supervision, by his agents and by his authority. Is it material, therefore, that he may have instructed that the blast be covered? In volume 1, Am. & Eng. Ency. Law (2d ed.), page 1161, appears the following statement of the general principle:

"The principal is in general not liable *criminaliter* for the act of his agent unless it is committed by his command or with his assent."

In the notes, however, the exceptions to the rule as stated in the above text are specifically mentioned, and cases are cited in support thereof. The exceptions involve cases arising under police regulations. The ordinance in question is purely a police regulation. It has been often held that where a saloon is open or liquors are sold in violation of a statute or ordinance, the owner is guilty of the offense although he is not present, has no knowledge of it, and has given instructions to the contrary. This court approved that rule in *State v. Constantine*, 43 Wash. 102, 86 Pac. 384. In that case we quoted from the opinion in *People v. Roby*, 52 Mich. 577, 18 N. W. 365, 50 Am. Rep. 270, where Chief Justice Cooley made the statement, in effect, that many statutes are in the nature of police regulations and impose penalties without regard to any intention to violate them, in

order to insure a degree of diligence for the protection of the public that will render violation practically impossible. In the case of *State v. Kittelle*, 110 N. C. 560, 15 S. E. 103, 28 Am. St. 698, 15 L. R. A. 694, there is a general discussion of this question, and it is there shown by the authorities that the intention is immaterial in this class of cases; that it is the duty of a principal to trust no one to do his work but such as he can safely trust to discharge his whole duty when such police regulations are involved by his work, and that if he does not do so, the law holds him answerable for the penalty. It is shown that one cannot, by setting another to do his work and by being himself elsewhere, reap the benefit of his agent's work and escape the consequences of the latter's conduct; that it would be impossible to effectually enforce a statute or ordinance of this kind if that were permitted, and that it would become a dead letter.

Appellant argues that the rule of the liquor cases should not be applied here, and that a distinction should be made. We believe no distinction in principle exists. A police regulation has been provided in each instance, and a penalty has been provided for the violation thereof. The penalty has been provided for the actual violation of the regulation, and not necessarily because of an intent to do so. The violation in each instance was by an agent who was prosecuting the work of the accused. In the case at bar, the accused principal was near the work, and if not actually present to see what was done, it was nevertheless his legal duty to see that the ordinance was not violated. Failing in this, he must suffer the penalty for the violation, since if it were not so, then within the reasoning of the authorities, the public would not be adequately assured of protection from violation of the ordinary police regulations. The court did not err in giving the quoted instruction.

Appellant assigns as error the refusal to give an instruction which seems to proceed upon the theory that, if the jury

found that appellant was a member of a copartnership which was conducting the quarrying business at the place of the blasting, then unless they should find that as such partner he participated in the act or assented thereto, they should find him not guilty. We see no force in this contention. There can be no distinction in such a case between his assent as a partner and his assent in his individual capacity. It is also immaterial that he may have had a partner or partners. That others may be also guilty, does not relieve him of liability for an offense jointly committed.

The judgment is affirmed.

FULLERTON, MOUNT, ROOT, and CROW, JJ., concur.