M. M. LATCHAM, Appellant, v. CARL E. LATCHAM et al.,
Appellees.

BILLS AND NOTES:    Consideration—Note as Gift.    A showing that a husband, shortly prior to his death, executed and delivered a promissory note to his wife, as payee, for the sole purpose of enabling her to share in his estate to the extent of the amount of the note, affirmatively demonstrates that said note is nonenforcible because wholly lacking in consideration.

*Appeal from Poweshiek District Court.*—H. F. WAGNER, Judge.

FEBRUARY 13, 1923.

ACTION against executors of the estate of one Latcham, to establish a claim on a promissory note. Claimant is the wife of decedent. On a hearing, the trial court disallowed the claim, and claimant appeals.—*Affirmed.*

*Frank Bechly* and *U. M. Reed,* for appellant.

*R. J. Smith* and *Devitt & Eichhorn,* for appellees.

FAVILLE, J.—The decedent died September 23, 1920. It appears from the record that he had been married three times. The claimant was his third wife, and had been married to the decedent about twelve years. There were no children by this marriage, but the decedent had children by his former marriages. On August 17, 1920, he executed and delivered to the claimant the note in suit. It is a nonnegotiable instrument, the material part thereof being as follows:

"On the....day of........ 191.... for value received, we promise to pay M. M. Latcham my wife or order the sum of two thousand, when estate is settled, dollars with interest at the rate of 5 per cent per annum, payable annually."

Appellees pleaded that the note was without consideration.

Upon the trial of the case, the appellant offered in evidence the note in question, proved the genuineness of the signature thereto, and rested. The decedent's two sons were witnesses for the appellees. They testified that, after the death of the decedent, they had a conversation with the claimant in regard to said note, in which conversation the appellant stated, in effect, that the decedent "gave" her the note in question "because he thought she ought to have something out of his estate," which was all to go to his children. No evidence was offered in rebuttal. The trial court held that the note was without consideration, and was intended as a gift by the deceased to his wife, and was not enforcible against the estate.

I. The appellant contends that the note, being a written instrument, imports a consideration, and that appellant is entitled to recover thereon without other proof than that of the genuineness of the signature of the maker. Code Section 3069 provides:

"All contracts in writing, signed by the party to be bound or by his agent or attorney, shall import a consideration."

The appellant established the genuineness of the signature of the maker to the note in question, and offered no other proof. Appellant contends that the case at bar is governed by our holding in the case *In re Estate of Rule*, 178 Iowa 184. In that case, the widow of decedent filed a claim against his estate, based upon promissory notes made by the decedent, payable to the claimant. The notes were drawn by a sister of the claimant's, who was a competent witness, and who testified that, at the time of signing the same, the decedent stated that "he wanted to protect her in what he owed her. He said he owed her the amount stated in the notes." The defendants offered no evidence in said case. We held that, in this situation, there was an affirmative showing that the notes evidenced an enforcible contract between the husband and wife, and said:

"But even if we were to go to the extent of defendants' contention that, before the claims could be allowed, there must be a showing that the making of the notes grew out of transactions having reference to the wife's separate estate, the record is still sufficient to sustain the ruling of which defendants complain. It is shown without dispute that, in making and delivering the note, he was attempting to protect his wife in the matter of his indebtedness to her. Now we think that, for the purposes of this case, it was entirely unnecessary for plaintiff to go further, and show the nature of such indebtedness or the manner of its origin."

In the *Rule* case, the claimant not only offered the notes in evidence, but also offered competent evidence of the maker's acknowledgment or statement that he was *indebted* to his wife, and that the notes were made to protect her rights. The defendants in said action offered no proof whatever to sustain their allegation of a lack of consideration for the notes sued upon, and we held that, upon the record, the establishment of the claim was proper. The consideration for the notes in the *Rule* case was established by other evidence than the written instruments, and such affirmative evidence was uncontradicted.

In the instant case, we have a situation quite the opposite. Granting, for the sake of the argument, that the note in this

case, even though between husband and wife, imports a consideration (see, however, *Heacock v. Heacock,* 108 Iowa 540, which we are not approving by this opinion), still the appellees denied that it was based on any consideration, and supported that denial by competent proof, which is in no manner disputed. The presumption of a consideration, if any existed, was, in any event, overcome by the evidence in the case.

We are satisfied from the record that the decedent attempted to make a gift to his wife by the execution of his note payable to her after his death. Such a note, being gratuitous, is a mere promise to give money at a future time, and cannot be enforced. *Meginnes v. McChesney,* 179 Iowa 563.

The situation is distinctly different from that disclosed in *Lawrence v. Scurry,* 187 Iowa 1055, which was an action involving a claim on a note between cousins. We held that the evidence in that case was insufficient to overcome the prima-facie case made by the plaintiff. Such is not the situation here.

The trial court arrived at a correct conclusion, and the order appealed from is—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.