In re Estate of Mary A. Bellatti Cheney.

Annie B. Cheney, Claimant, Appellee, v. N. S. Genung, Executor, Appellant.

No. 43858.

JUNE 16, 1937.

Genung & Genung and John J. Hess, for appellant.

Cook & Cook, for appellee.

DONEGAN, J.—Mary A. Bellatti Cheney, a resident of Mills County, Iowa, died testate on the 26th day of July, 1935. Her will was duly probated, N. S. Genung was appointed executor thereof, and on September 16, 1935, Annie B. Cheney filed a claim against the said estate based upon a promissory note, a copy of which was attached to the claim. Said alleged promissory note was signed "Mary A. Bellatti Cheney," was dated September 20, 1932, and contained the promise "to pay to Annie B. Cheney or order, at the Emerson State Bank, Emerson, Iowa, Nine Thousand Dollars only, for value received, with interest, payable semi-annually, at five per cent per annum after date, defaulting principal and interest to bear interest at the rate of eight per cent per annum, payable semi-annually." Hearing on said claim was fixed for the 16th day of March, 1936, and, on the morning of that day, the executor filed an answer, in which he denied generally all the allegations of the claim, and specifically denied that the signature attached to said note is the genuine signature of Mary A. Bellatti Cheney, that there was any consideration passed between Annie B. Cheney and Mary A. Bellatti Cheney for said note, and that there was any valid delivery of said note by said Mary A. Bellatti Cheney to said Annie B. Cheney. On motion of the claimant the allegations of the answer, in reference to lack of consideration and absence of valid delivery, were stricken, and the cause proceeded to trial. At the close of the claimant's evidence the defendant executor filed a motion for a directed verdict in his favor, based upon four separate grounds. This motion was overruled by the court, and, thereupon, the defendant executor filed an answer as follows:

"Comes now the defendant and for the purpose of conforming the pleading to the proof and states that the purported note upon which the claim is based was without consideration and was, if anything, a gift from the said Mary A. Bellatti Cheney to the claimant and is without consideration, void and of no validity or effect."

Thereupon, on motion of the claimant, this answer was stricken from the files. The trial proceeded and evidence was introduced by the defendant executor. At the close of all the evidence, the defendant executor renewed his motion for a directed verdict, made at the close of claimant's evidence, which motion was likewise overruled. The case was submitted to a jury upon instructions and the jury returned a verdict in favor of the claimant. A motion of the defendant for judgment notwithstanding the verdict, based upon four separate grounds; a motion for a new trial, based upon twenty-one separate grounds; and exceptions to instructions, based upon six different grounds, were filed in due time and, upon hearing, were all overruled, and judgment entered on the verdict. From this judgment, and from all rulings of the court, the defendant executor appeals.

Appellant's brief and argument contains ten seperate divisions, each of which goes to some ruling or action of the trial court concerning which complaint is made. While the brief points and arguments of these divisions comply substantially with Rule 30 of this court, we regret to say that there is far from being a compliance with the provisions of that rule in reference to the statement of errors relied upon for reversal. The motions for a directed verdict, motion for judgment notwithstanding the verdict, motion for new trial, and exceptions to instructions, are each based on several separate and distinct grounds, but, in making his complaint as to the rulings of the trial court, there is frequently such an entire failure on the part of appellant to point out which ground of the particular motion is involved in the alleged error, that we have found some difficulty in trying to determine the precise errors on which he relies.

I. In Division 7 of his brief and argument appellant complains of the trial court's ruling in striking from his original answer the allegations thereof in regard to want of consideration and nondelivery of the note in question; and, in Division 8, he complains of the ruling of the trial court in striking his answer,

filed at the close of claimant's evidence, setting up the defense of want of consideration. As we shall later see, want of consideration and nondelivery were affirmative defenses, that could be plead and proved by the defendant executor. The answer filed on the day that the trial began was stricken because filed too late. The answer filed at the close of claimant's evidence was stricken because it was a repleading of matter stricken from the original answer and was not, as it alleged, a pleading to conform to evidence that had been introduced. The record shows that the claim here involved was filed on the 16th day of September, 1935, and that on the 14th day of November, 1935, the claimant served on the executor a written notice of hearing of said claim at the November term of court convening on the 26th day of November, 1935. It is stated by claimant and not denied by the executor that the claim was not tried at the November term but was continued to the February, 1936, term of the court, at the request of the executor. On December 24, 1935, the claimant filed a trial notice which placed the case on the list of cases for trial at the February term of court convening February 25, 1936, and on the opening day of court the case was assigned for trial on March 4, 1936. On February 25, 1936, on application of the executor, the claimant was ordered to file the note claimed on with the clerk of the court for the inspection of the executor. It is stated by the claimant and not denied by the executor that, sometime before March 4, 1936, at the request of the executor, the trial of the case was again continued and fixed for March 16, 1936. Neither at the time these answers were stricken, nor at any time during the trial, did the defendant executor offer or attempt to support either of these answers by affirmative evidence as to lack of consideration or nondelivery, and the record contains no intimation that any such evidence would have been presented if either answer had not been stricken.

■■■ The record shows no excuse or explanation for the delay in filing the answer that was filed on March 16, 1936. While the trial court might have allowed this answer to stand, the decision made by him was one that was within his discretion and under the facts above set forth we find no ground for holding that this discretion was abused.

■■■ II. Appellant urges error on the part of the trial court in overruling his motions for a directed verdict on the ground that the evidence of the claimant herself shows want of

consideration and nondelivery of the note upon which the claim is based. The appellant contends that the testimony of the claimant tends to show that the note in question was without consideration; that, being without consideration, it was a mere gift and could not be enforced as a contract; and that, being without consideration, and not being a delivery of the $9,000 itself, but only a promise to pay $9,000 in the future, it was a mere promise to make a gift in the future and could not be enforced against decedent's estate. That a promissory note for which there is no consideration amounts to no more than a gratuitous promise to pay the sum stated in the note at a future time, and is, therefore, a promise to make a gift in the future, which cannot be enforced against the promisor or his estate, seems to be well established. Meginnes v. McChesney, 179 Iowa 563, 160 N. W. 50, L. R. A. 1917E, 1060; Latcham v. Latcham, 195 Iowa 221, 191 N. W. 977. The difficulty, however, in applying that rule to the facts in this case is that the claimant did not introduce any testimony whatever, other than the note itself, from which any inference could be drawn as to consideration. The note itself imported a consideration, and the burden was upon the appellant to prove want of consideration. Code Sections 9440, 9484, and 9488; In re Estate of Work, 212 Iowa 31, 233 N. W. 28; In re Estate of Chismore, 175 Iowa 495, 157 N. W. 139; In re Estate of Rule, 178 Iowa 184, 159 N. W. 699; Scott v. Morse, 54 Iowa 732, 6 N. W. 68, 7 N. W. 15; Saddler v. Pickard, 142 Iowa 691, 121 N. W. 374. Of course, if the claimant's evidence would prove this want of consideration, this would negative the presumption of consideration contained in the note itself, but, so far as we can find from the record, there is nothing whatever in the claimant's evidence concerning consideration, and, consequently, there is nothing in the evidence tending to negative the existence of the consideration imported by the note itself.

■■■ Likewise, in regard to the question of delivery, the note being in the possession of the claimant, the provision of Code Section 9476 (16), which states that, "where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved," would apply. See, also, In re Estate of Rule, *supra,* and Lusby v. Wing, 207 Iowa 1287, 224 N. W. 554. In addition to the presumption of delivery raised by the statute, however, the claimant testified in substance that on the

day following the date of the note the deceased came to claim-ant's home, while claimant was sick, and remained most of the afternoon; that, while deceased was in claimant's bedroom, she (the deceased) had the promissory note in question in her hands, and that when she left the note was reposing on the claimant's bed and was in her possession. The sufficiency of this evidence to establish a delivery is vigorously attacked as having been admitted in violation of what is commonly called the dead man statute (Code 1935, section 11257) but, under the holding of this court in Campbell v. Collins, 133 Iowa 152, 110 N. W. 435; In re Estate of Wearin, 167 Iowa 535, 149 N. W. 621; and Secor v. Siver, 188 Iowa 1126, 161 N. W. 769, 176 N. W. 981, we are not ready to say that the evidence thus adduced was not admissible and did not tend to show a valid delivery. Moreover, we may note that most of the objections made by appellant were directed to the evidence itself and not to the incompetency of the witness. As the record stood, therefore, there was the presumption that the note was given for a consideration; there was the presumption, aided by evidence, that there was a valid delivery; and there was no evidence tending to show that there was not consideration or that there had not been a valid delivery. We find no error in the court's ruling in refusing to sustain defendant's motion for a directed verdict.

■■■ III. It is contended by the appellant that the court erred in giving instructions Nos. 2, 3 and 4, insofar as these instructions confine the jury to the determination of the single proposition as to whether the deceased did, in fact, sign the note in question. It is the contention of the appellant that the court should also have submitted to the jury the questions as to consideration and nondelivery. As we have already seen, however, the note itself imported a consideration and the validity of the delivery was supported by the presumption provided by the statute and by the evidence of the claimant. There was no evidence whatever to the contrary and, in this situation, there would have been no evidence to support a finding of the jury as to want of consideration or nondelivery if the court had submitted these propositions to it. The trial court did not err in confining the jury to the single question of the genuineness of the signature attached to the note on which the claim was based.

■■■ IV. On the trial of the case, one Scoville was called and testified for the claimant as an expert witness on handwrit-

ing. In connection with and in explaining his testimony, he made certain markings on some of the photographs of specimens of the decedent's signature and of the signature to the promissory note on which claimant based her claim. These photographs were identified as exhibits and, over appellant's objections, were allowed to be taken by the jury to the jury room. It is claimed that the court erred in thus allowing the jury to consider these exhibits because, in effect, the witness thus was allowed to argue his theories as to the authenticity of the signature on the note in controversy to the jury in the jury room, and undue emphasis was thus allowed to be given to the testimony of this witness to the prejudice of appellant. Many cases have been cited by both appellant and appellee in reference to this proposition. Practically all of the authorities support the proposition that the admission of exhibits of this kind is a matter that is largely within the discretion of the trial court. None of the cases cited is directly in point on the precise question here presented. In 22 C. J., 919, Section 1122, it is said:

"It is no objection to the admissibility of a photograph that it bears explanatory marks, where each mark or location material to the case is verified by witnesses."

And in State v. Ready, 77 N. J. Law, 329, 72 A. 445, 446, two photographs on a background of ruled squares were involved. One of the photographs was of the first name and initial letter of a middle name, and the other was of the last name of a man's signature, taken from two separate but admittedly genuine signatures. The photographs were taken by placing over them a glass upon which lines were drawn forming uniform squares. The court stated that, "the purpose was to exhibit the uniformity in the size and proportion of the letters in the two photographs," and held that there was no error in their admission. See, also, Jones on Evidence (2d Ed.) Vol. 3, par. 1308; Chamberlayne, Trial Evidence (2d Ed.) par. 643; City of Spokane v. Patterson, 46 Wash. 93, 89 Pac. 402, 8 L. R. A. (N. S.) 1104, 123 Am. St. Rep. 921, 13 Ann. Cas. 706; Faatze v. Sullivan, 199 Iowa 875, 200 N. W. 321; Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569.

In the case at bar, the markings were made by the witness in pointing out to the jury the peculiarities and characteristics of the deceased's handwriting in the admitted signatures and in

the disputed signature on the note in question. Appellant also introduced the testimony of an expert witness on handwriting and there is nothing in the record to indicate that, had he seen fit to do so, this witness would not have been allowed to point out the dissimilarities between the questioned signature and those that were admitted as authentic, by markings on the exhibits similar to those made by the witness for the appellee. That appellant did not see fit to do so should not debar the claimant from presenting her evidence to the jury in the manner made use of by her. Moreover, the trial court instructed the jury that, "these photographs were admitted in evidence for the purpose of aiding you in your comparison of the disputed signature on Exhibit 1 (the note in question) with the admitted genuine signatures hereinbefore mentioned, and for the purpose of explaining the testimony of the handwriting experts, and such evidence should be used by you for no other purpose whatever." This instruction was attacked by appellant in a separate division of his brief and argument, but, in our opinion, the instruction was appropriate, and there was no reversible error in connection with the introduction of these exhibits and the consideration that the jury was permitted to give them.

■■■ V. Defendant offered in evidence the assessment rolls of the deceased for the years 1933, 1934 and 1935, bearing her signature, for the purpose of showing that in none of these years did she set off against the assessment made on her property the note now sought to be enforced against her estate. Appellant calls attention to Section 11280 of the Code, which provides that, "The entries and other writings of a person deceased, who was in a position to know the facts therein stated, made at or near the time of the transaction, are presumptive evidence of such facts, * * * when made in the performance of a duty specially enjoined by law," and contends that these assessment rolls are admissible. Appellant argues that, because the return by the deceased of her personal property for taxation was a duty enjoined upon her by law, and, because the returns made by her showed that she had taxable moneys and credits against which no offset was claimed on account of any indebtedness represented by the note here involved, the jury could have found therefrom that such offset would have been claimed by her, if this note was in existence in the hands of the claimant, at the times these assessment rolls were made out, and if it evidenced a real indebted-

ness founded on a consideration instead of a mere gratuitous promise to pay the sum stated therein as a gift in the future.

We do not agree with the appellant's contention in regard to the admissibility of these assessment rolls. The quoted portion of the section relied upon by the appellant provides that *entries and other writings* of a deceased person, in a position to know facts stated therein, made at or near the time of the transaction, *are presumptive evidence of such facts, when made in the performance of a duty specially enjoined by law.* In the first place, there are no entries upon these assessment rolls stating any facts in regard to the note in question. The most that can be said in this regard is that these assessment rolls do not contain any reference to the note in question or to any facts connected therewith. In the second place, while there is a statutory duty imposed upon persons owning property to list the same for assessment, there is no statutory duty to list liabilities. Section 7115 of the Code provides that, "The party assessed need list only such of his liabilities as he may desire to have subtracted from his moneys and credits." As Section 11280 makes entries and writings of a deceased person presumptive evidence only "when made in the performance of a duty specially enjoined by law," as no duty to list liabilities is enjoined by law, and as the assessment rolls contained no entries in reference to the note in question, there was no error in excluding them from the evidence. Hurst v. Jenkins, 161 Iowa 414, 143 N. W. 401; Adams & Co. v. Hickox, 55 Iowa 632, 8 N. W. 485; Eherke v. Hecht, 96 Iowa 96, 64 N. W. 652; Allbright v. Hannah, 103 Iowa 98, 72 N. W. 421.

■■■ VI. Appellant alleges that the trial court admitted and allowed the will of the decedent to go to the jury, when only the signature to the will was offered in evidence. No brief points were set out in connection with this allegation nor separate argument made thereon, and, under our rules, it properly might be ignored. The only prejudice alleged to have resulted is that, by allowing the will, instead of merely the signature thereto, to be introduced, counsel for plaintiff was permitted to argue the contents of the will. It appears from appellants's abstract that Exhibit No. 8 was the will of Mary A. Bellatti Cheney. The record as to the introduction of this exhibit is as follows:

"Stipulation.

"For the purpose of creating a standard for the purpose of

comparison, it is admitted that the signature, Mary Ann Bellatti Cheney, on Exhibit 3 is the genuine signature of Mary Ann Bellatti Cheney, placed there on February 20, 1932.

"The same stipulation and agreement as to the genuineness of the signature thereon is made as to Exhibits 2, 4, 5, 6, 7 and 8.

"Plaintiff offers in evidence Exhibits 2 to 8, inclusive."

No objection was made to the admission of this exhibit; no claim is made that any particular part of its contents was discussed by the attorneys for the plaintiff; there is no allegation that the jury or any of its members did read or consider any part of the contents of the will; and no statement is made as to what, if any, particular part of the contents of the will itself would be prejudicial, if the jury read the will itself instead of confining its consideration to the signature. We find no merit in the complaint here made.

We are unable to find any prejudicial error in any of the matters on which the appellant asks for a reversal, and the judgment of the trial court is, therefore, affirmed.—Affirmed.

PARSONS, SAGER, KINTZINGER, STIGER, ANDERSON, and MITCHELL, JJ., concur.