In the Matter of the ESTATE of Earl C. McALLISTER, Deceased.

No. 55745.

Supreme Court of Iowa.

Jan. 16, 1974.

Rehearing Denied Feb. 14, 1974.

Alanson K. Elgar, Mount Pleasant, for appellant.

Richard C. Turner, Atty. Gen., George W. Murray, Sp. Asst. Atty. Gen., and Harry M. Griger, Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and McCORMICK, JJ.

MOORE, Chief Justice.

The question presented on this appeal is whether certain notes executed and delivered by decedent, Earl C. McAllister, to his two sons, their spouses and his five grandchildren, filed as claims in the estate, may be deducted as debts for Iowa Inheritance Tax purposes. The estate has appealed from the trial court's judgment denying the claimed deduction. We affirm.

Decedent died testate on August 2, 1971. His sons, Keith and Roger were appointed and qualified as executors of the estate. In reference to the claims based on the notes here involved their preliminary inheritance tax report included: "This schedule is attached to this inventory for explanatory purposes but no part of the transfers are included in the gross assets of the estate for the reason that it is the position of the executors that the gifts were not made in contemplation of death and that they were made as a part of a general gifting program at a time when the decedent was in a reasonably good state of health taking into consideration his age."

A temporary executor was appointed to examine the claims filed in the estate based on 33 notes of $3000 each given by decedent to the members of his family at various times during the three-year period immediately before his death. The temporary executor recommended said notes plus accrued interest "be allowed and authorized as just and legal debts against the estate."

In its objections to said report the Iowa Department of Revenue (department) alleged the notes in question were attempts to make inter vivos gifts; the notes were executed and delivered without consideration and not deductible as debts for Iowa Inheritance Tax purposes. The department alleged, in the alternative, that if the notes were valid gifts, they were made in contemplation of death and subject to inheritance tax under the provisions of Code section 450.3.

In reply the executors and claimants alleged the notes constituted valid and legal obligations of the decedent and his estate and that the department was estopped from asserting lack of consideration as the department had accepted income tax based upon the inclusion of interest received by the payees of the notes.

The issues were tried to the court as an action at law. The decedent's two sons testified extensively about the notes given to their wives, their minor children and themselves. The alleged notes, the checks written by decedent to the recipients of the notes for alleged interest and the Iowa Income Tax Returns of decedent, the sons, Keith and Roger, and grandson Kenneth were placed in evidence over the objection of the department. Each return listed interest paid by decedent.

The record discloses that beginning on February 1, 1969 and on each succeeding February first prior to his death, decedent executed and delivered a series of $3000 promissory notes to the members of his family. He paid each year five percent interest on each of the notes.

Roger McAllister, called as a witness by the estate, testified he, his wife Barbara, his children, Cindy and Curtis, ages 6 and 10 years respectively, had not performed any work or services for decedent necessitating giving the notes in question. No agreement for future services was made. He gave similar testimony regarding the notes given his brother Keith and members of his family. He further testified the reason his father executed the 33 notes was to equalize the distribution of his estate and that was solely his father's idea.

Keith McAllister, called as a witness by the estate, testified substantially the same as Roger. He, his wife and three children had not performed services or agreed to do so for decedent in exchange for the notes given to each. Keith testified his father in 1965 began a study of inheritance tax and estate planning having in mind steps to take advantage of federal gift tax exemption. He further testified the execution of the notes and payment of interest thereon was a form of estate planning by decedent for the purpose of equalizing and distributing his estate.

Ronald Amosson, director of the state income tax division, testified the department receives annually over one million individual tax returns and the department does not have adequate staff to audit all returns filed. He further testified the McAllisters were never notified their returns were absolutely accepted.

On June 19, 1972 the trial court filed findings of fact and conclusions of law including:

"The Court specifically finds that the notes in question (thirty-three in all) were executed and delivered by decedent, Earl C. McAllister, during his lifetime to the respective payees; that such execution and delivery was an 'estate planning technique' employed by him to effect and equalize the distribution of his estate; that there was in fact no legal consideration for the execution and delivery of the notes and that the notes were in fact promises to make future gifts of their face amounts as represented therein.

"The Court further finds that the payments designated as 'interest' on the notes likewise were without consideration and that such payments did not constitute interest for the use of money received by the decedent from the respective payees or for any debt or legal obligation owed by him to said payees or any of them.

"As to the matter of 'estoppel' asserted by the executors and claimants in paragraphs 3 and 4 of their 'Reply' to objections to the report of the temporary executor, the Court finds that neither the 'estoppel'' alleged in paragraph 3 nor the 'promissory estoppel' asserted in paragraph 4 of the Reply has been established by the evidence introduced in the record of this case."

The trial court's findings of fact are binding on us in this law action if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure. The record discloses ample support of the trial court's fact findings.

■ I. The estate-appellant's first assigned error is that the trial court erred in

finding there was no consideration for the 33 notes.

The most widely used definition of "consideration" is a benefit to the promisor or a loss or detriment to the promisee. Hart v. Hart, Iowa, 160 N.W.2d 438, 442; Test v. Heaberlin, 254 Iowa 521, 523–524, 118 N.W.2d 73, 74 and citations. See also 11 Am.Jur.2d, Bills and Notes, section 216 and 17 Am.Jur.2d, Contracts, section 92.

"Like any other contract, a- negotiable instrument requires a consideration as between the original parties, or a recognized substitute therefor, but such an instrument is presumed to have been issued for a valuable consideration." 11 Am.Jur.2d, Bills and Notes, section 215, page 244. "The policy of the courts in requiring a consideration for the maintenance of a contract action appears to be to prevent the enforcement of gratuitous promises." 17 Am.Jur. 2d, Contracts, section 85, page 428.

As found by the trial court and established by the record, without dispute, decedent made and executed the 33 notes as gifts and any presumption of consideration was overwhelmingly overcome by the evidence. The department amply met its burden.

■ II. The estate-appellant next asserts payment of annual interest and extension of the notes imparted consideration. We do not agree. No valid and binding instrument existed. The payment of "interest" was clearly a paid gift by decedent without any agreement with the donees.

■ III. We have repeatedly held a note executed as a gift is regarded as a promise to make a gift in the future and is not enforceable. It lacks consideration. DePenning v. Bedell, 242 Iowa 102, 110, 44 N.W.2d 385, 390; In re Estate of Knapp, 197 Iowa 166, 168, 197 N.W. 22, 23; Latcham v. Latcham, 195 Iowa 221, 224, 191 N.W. 977, 978. See also Woodward v.

United States, 8 Cir., 208 F.2d 893; 38 C. J.S. Gifts § 55.

In Meginnes v. McChesney, 179 Iowa 563, 574, 160 N.W. 50, 54, we say:

"The note executed by decedent, if gratuitous, was a mere promise to give money at a future time. He might [if living] have defended on the ground that it was without consideration, and since he is dead, his representatives may interpose the same defense. He did not deliver the money promised before death, and, as there was no actual delivery of gift, if such it was, before his death, the note if gratuitous cannot be enforced. * * *."

In re Estate of Cheney, 223 Iowa 1076, 1080, 274 N.W. 5, 8, we say:

"* * * That a promissory note for which there is no consideration amounts to no more than a gratuitous promise to pay the sum stated in the note at a future time, and is, therefore, a promise to make a gift in the future, which cannot be enforced against the promisor or his estate, seems to be well established. * * *."

■ The trial court properly denied the estate's claim of deductions as the notes here involved were not debts as required by Code section 450.12(1) which provides in part:

"Deductions of debts. * * *. (1) From the estate of such decedent who at the time of his death was domiciled within this state, there shall be deducted the debts owing by the decedent at the time of his death. * * *."

IV. In view of our holding the notes were not binding obligations, we do not reach the department's alternative contention they were executed in contemplation of death and therefore not deductible under the provisions of Code section 450.3.

V. Lastly, we consider the estate's assigned error that the trial court should have found the department estopped from asserting the defense of lack of consideration or any defense for the reason it accepted the income tax reports of some of the payees and decedent. They therein included reference to interest paid by decedent.

 The record here is entirely devoid of any evidence of a promise by the department. It made no promise to induce any action for forbearance by the donees of the notes here involved. Such is required to establish promissory estoppel under the legal principles set out in Miller v. Lawlor, 245 Iowa 1144, 66 N.W.2d 267.

 Equitable estoppel is based on the idea that one who has made certain representations should not thereafter be permitted to change his position to the prejudice of one who has relied thereon. It is resorted to when otherwise injustice would result. It is not generally invoked against the state, particularly when the collection of revenue is involved. S & M Finance Co. Fort Dodge v. Iowa State Tax Comm'n, Iowa, 162 N.W.2d 505, 510 and citations.

 The individual income tax returns of Keith, Roger and Kenneth McAllister and of decedent were prepared by or for them as a self-assessment of the amount of income, deductions and tax liability. They were not made on any promise or representation of the department.

The trial court did not err in holding the estate failed to prove either promissory or equitable estoppel.

We have examined all contentions of the estate-appellant and find no reversible error.

Affirmed.