## PETERS v. PETERS.

1. **Husband and Wife**: PARTIES: TORT. The statutes of this State do not permit either husband or wife to maintain an action against the other for a tort committed during coverture.

*Appeal from Delaware District Court.*

THURSDAY, DECEMBER 16.

THE plaintiff alleges that she is the wife of the defendant, and in a petition of eleven counts she claims damages of defendant for eleven distinct assaults and batteries at various times from August 15, 1874, to July 26, 1875. The last count of the petition alleges that defendant has been convicted and fined in a criminal court for the last assault named, and that she has been forced to abandon defendant on account of his ill treatment, and has not resided with him since the 26th day of July, 1875. The plaintiff prays judgment for one thousand dollars.

The defendant demurred to this petition upon the following grounds:

"*First.* The petition shows that the plaintiff has no legal capacity to sue in this: It shows upon its face that the plain-

tiff is a married woman, and the wife of defendant, and that the pretended causes of action are torts alleged to be committed by defendant on plaintiff during coverture; and, further, that defendant is not joined with plaintiff.

"*Second.* The petition states facts which avoid the causes of action in this: It shows that the wrongs and injuries complained of were committed, if at all, by the defendant as husband upon the plaintiff as his wife, and during coverture, and while they were living together as husband and wife."

The court sustained this demurrer. Plaintiff appeals.

*Griffin, Crosby & Carr*, for appellant.

The husband has no common or joint interest in a right of action accruing to a wife on account of a tort inflicted against her, and is not a proper party plaintiff thereto. (*Musselman v. Galligher*, 32 Iowa, 383; *Stepanck v. Kula*, 36 Id., 563.) The wife may maintain an action for damages against her husband for a tort committed upon her by him, during coverture. (Code, §§ 2562, 2211.) In this action damages, not only to compensate but to punish, are allowed. (*Hendrickson v. Kingsbury*, 21 Iowa, 379.)

*Peters & Heath* and *A. S. Blair*, for appelle.

The wife may maintain an action in her own name against another party than her husband for damages for a tort. (*Musselman v. Galligher*, 32 Iowa, 383.) The wife cannot recover consequential damages. (*Filer v. N. Y. Cen. R. Co.*, 49 N. Y., 47.)

DAY, J.—If this action can be maintained, it is because of the provisions of our statute.

Whilst it must be admitted that very radical changes have been made in the relation of husband and wife, still it seems to us that these changes do not yet reach the extent of allowing either husband or wife to sue the other for a personal injury committed during coverture.

The sections of the Code mainly relied upon by appellant

for the accomplishment of the results which, it is claimed, have been effected, are 2204 and 2211.

Section 2211 is as follows: "A wife may receive the wages of her personal labor and maintain an action therefor in her own name, and hold the same in her own right; and she may prosecute and defend all actions at law or in equity, for the preservation and protection of her rights and property, as if unmarried."

The following is section 2204: "Should either the husband or wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and extent as if they were unmarried."

It is evident that section 2211 refers to and authorizes actions against parties other than the husband; for if this section allows an action generally against the husband, it covers and embraces more than is included in section 2204, and that section is rendered useless and meaningless. Whatever right of action exists against the husband must, therefore, be found in Sec. 2204. This section is limited to actions for property or rights growing out of the same. But in this connection appellant cites *Musselman v. Galligher*, 32 Iowa, 383, which approves *Chicago, Burlington & Quincy R. Co. v. Dunn*, 52 Ill., 260, holding that a right to sue for an injury is property, and that where this right of action exists in favor of the wife, it is her property, for which she may sue. It is claimed that, from this decision and the section above quoted, the right to maintain this action necessarily follows. But it is quite evident that this course of reasoning assumes the very thing to be established. Sec. 2204 authorizes the wife to maintain an action against her husband for the recovery of her property; and *Musselman v. Galligher* recognizes the doctrine that when a right to sue for an injury exists, that right is property. Before any conclusion favorable to the appellant can be drawn from these premises, the right of the wife to maintain an action against the husband for a tort must be either admitted or assumed. In other words, the argument

involves the admission or assumption of the thing undertaken to be proved. The argument, fully expressed, is as follows: The wife may sue the husband for her property; when a right exists to sue for a tort, that right is property; the right of the wife to sue the husband for a tort exists; therefore the wife may maintain an action against the husband for a tort; or, the wife may sue the husband for a tort, because the wife has a right to sue the husband for a tort.

We are satisfied that the statute contains no provisions which authorize this action, and that the demurrer was properly sustained.

AFFIRMED.