MARY S. MAINE, Appellee, v. JAMES MAINE & SONS COMPANY, Appellant.

**MASTER AND SERVANT:** Injury to Third Persons—Liability to 1 **Wife of Employee.** A wife may not maintain an action against the employer of her husband for an injury negligently inflicted upon her by her husband, even though the husband was, at the time of the injury, acting in the strict line of his employment.

**NEGLIGENCE:** Imputed Negligence—Permitting Use of Automobile. 2 The owner of a motor vehicle who consents that his vehicle may be operated by another cannot be held to a *greater* liability than the driver can be held. If the driver is not liable, the owner is not liable. (Sec. 5026, Code of 1924.)

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

DECEMBER 11, 1924.

THE plaintiff, a married woman, sued to recover from the defendant, the employer of her husband, for a personal injury caused by the negligence of the husband, acting within the scope of his employment. From a judgment for the plaintiff, defendant appeals.—*Reversed.*

*Chandler Woodbridge,* for appellant.

*Walter L. Stewart, George F. Malcolm,* and *N. L. Friedman,* for appellee.

VERMILION, J.—I.  The appellant, James Maine & Sons Company, is a corporation engaged in construction work. Kenneth Maine, at the time of the occurrence here involved, was

1. MASTER AND SERVANT: injury to third persons: liability to wife of employee.

in the employ of the appellant, as secretary and general manager. The appellee was the wife of Kenneth Maine. The action is to recover damages occasioned by personal injuries received by appellee while riding in an automobile belonging to the appellant company and driven by Kenneth Maine, her husband. It may be noted further that the stock of the appellant corporation is all owned by the father and brother of Kenneth Maine. The occasion for a controversy of this character between parties so related and associated may be found in the fact, shown in evidence, that the appellant company carried a policy protecting it against liability for damages caused by the automobile in question.

While so much is not conceded by appellant, we may assume, for the purpose of the case, that the evidence showed that, at the time of the accident, Kenneth Maine was engaged in the business of appellant, and was acting within the scope of his employment; that the corporation, through its officers, had consented to appellee's accompanying her husband in the company's car; that the accident and injury to appellee were proximately caused by the negligence of Kenneth Maine in the respects alleged in the petition; and that appellee was not guilty of contributory negligence. That proof of such facts would ordinarily warrant a recovery against the employer is, of course, plain. The fundamental question in the case is whether the

fact that the employee for whose negligence the employer would be liable is the husband of the person injured, will defeat her recovery.

It is, as, of course, it must be, conceded that a wife could not recover at common law against her husband for a tort committed by him against her person. 30 Corpus Juris 714. It is also settled doctrine in this state that our statutes enlarging the rights of married women, at least as they existed prior to the enactment by the thirty-sixth general assembly of Section 3477-a, Supplemental Supplement, 1915 (Sections 10462 and 10463, Code of 1924), did not give the wife a right of action for such an injury. *Peters v. Peters,* 42 Iowa 182; *Heacock v. Heacock,* 108 Iowa 540.

No claim is made in this case of a right to recover based upon Section 3477-a, and we have no occasion to consider that statute. In this connection, however, the discussion in the *Heacock* case, supra, is illuminative. See, also, *Thompson v. Thompson,* 218 U. S. 611 (54 L. Ed. 1180).

The common-law freedom of the husband from liability to the wife for a tortious or negligent injury to her person does not rest merely upon a lack of remedy,—the inability of the one to sue the other. It arises out of the very relationship itself, and the incapacity to sue is but an incident to it. In *Abbott v. Abbott,* 67 Me. 304 (24 Am. Rep. 27), it was said, of an action by a divorced wife against her husband and others, for an assault committed during coverture:

"There is not only no civil remedy, but there is no civil right, during coverture, to be redressed at any time."

*Phillips v. Barnett,* 1 Q. B. D. 436, is there cited, and the following quoted from the opinions:

"I now think it clear that the real substantial ground why the wife cannot sue her husband is not merely a difficulty in the procedure, but the general principle of the common law that a husband and wife are one person."

It was said further that the objection was "not the technical one of parties, but because, being one person, one cannot sue the other."

But if her inability to recover be predicated on her want of a right to sue her husband, as it is in some of the cases, it

does not change the situation. In *Heacock v. Heacock,* supra, it was said: "If she has no right to sue,—no remedy,—she has no right."

The liability of the employer for the negligent acts of his servant is based upon the familiar doctrine of *respondeat superior.* Unless the servant is liable, there can be no liability on the part of the master. This has been repeatedly held in cases where both were sued and the verdict was against the employer only. *White v. International Textbook Co.,* 150 Iowa 27; *Dunshee v. Standard Oil Co.,* 165 Iowa 625, 627; *Hobbs v. Illinois Cent. R. Co.,* 171 Iowa 624; *Arnett v. Illinois Cent. R. Co.,* 188 Iowa 540. Where the only negligence alleged against the employer is that of the servant or employee, the former is not liable as a joint wrongdoer, as he did nothing, save through the employee; but his liability arises because of his responsibility for the act of his servant. As said in *Hobbs v. Illinois Cent. R. Co.,* supra:

"Where the real actor (who is none the less liable personally because acting for another) is not guilty, it necessarily follows that the party for whom he acted cannot be."

Moreover, where the employer is held liable for the negligent act of his servant, he can recover over against the servant. *Hobbs v. Illinois Cent. R. Co.,* supra; 26 Cyc. 1545.

Where there is no right of action in the wife for a wrongful or negligent personal injury inflicted upon her by her husband, there can be no liability therefor on his part; and, since there is no liability on his part, we see no escape from the conclusion that his employer cannot be made to respond in damages to her for his negligent act. It has been held that one associated with the husband as a joint tort-feasor in the infliction of a personal injury upon the wife cannot be held liable to her. *Abbott v. Abbott,* supra; *Libby v. Berry,* 74 Me. 286 (43 Am. Rep. 589). We think there are more cogent reasons for saying that she has no right of action against the employer of her husband for his negligent injury to her person, where any liability on the part of the employer must depend on the liability of the husband, than there is for denying her a right of action against one who actually inflicts an injury upon her, because he acted in association with her husband.

II.   It is urged that the appellant is liable under Section 12 of Chapter 275, Acts of the Thirty-eighth General Assembly (Section 5026, Code of 1924), providing that, in all cases where damage is done by a car driven by consent of the owner, by reason of the negligence of the driver, the owner of the car shall be liable for such damage.   This statute merely says that the owner of the car shall be liable for the negligence of one who is using the car with his consent.   It is a statutory recognition of the present-day frequent use of motor vehicles by others than the owner, where no such relation exists between owner and driver as, under the common law, will create a liability on the part of the owner for the negligence of the driver.   The statute defines a new relation or situation of the parties, where a liability on the part of one for the negligence of the other shall exist.   In effect, it makes the one who uses an automobile with the consent of the owner, the agent of the latter.   It may be said to be a statutory extension of the doctrine of *respondeat superior* to a relation to which, under the common law, it did not apply, or to create a liability on the part of one for the negligent act of the other, analogous to that expressed in that phrase.   The statutory liability depends upon two things: the consent of the owner to the use of the car by the driver, and the negligence of the. driver.   As the principal or employer is not liable for every tortious or negligent act of one who is his agent or employee, but only for those committed while the latter is engaged in the employment or agency, so it has been held, under the statute, that, where the owner has consented to a particular use of his car, the negligence of the driver, while using the car for some purpose of his own, and beyond or outside the terms of the consent given, will not render the owner liable. *Rowland v. Spalti,* 196 Iowa 208; *Curry v. Bickley,* 196 Iowa 827.   No liability on the part of the owner, independent of the negligence of the driver, is created by the statute.   The liability of the owner, under the statute, is only for the negligence of one who, at the time the injury is done, sustains toward him the relation defined by the statute.   It is the negligence of the driver that creates liability, and it is the statute that imposes that liability on the owner who has consented to the driv-

2. NEGLIGENCE: imputed negligence: permitting use of automobile.

er's use of the car. If no liability is created by the act of the driver, there is no liability to be imposed upon the owner. Where the driver is not liable, whether his freedom from liability arises from a want of negligence on his part or from the existence of such a relation between himself and the person injured as to preclude any liability on his part for the injury, the statute does not, we think, create an independent liability on the part of the owner. If the owner and driver were jointly sued for damages caused by the latter's negligence, a verdict exonerating the driver and holding the owner liable could not stand, under the doctrine of *Hobbs v. Railroad,* supra, and the other like cases cited above. If the owner consents to the use of his car by another, and is held liable for damages caused by the negligence of the one so using it, can it be doubted that he would have a right to recover from the user, the one primarily liable, the damages he was so required to pay? But if he can be held liable where no liability exists on the part of the driver, he is deprived of that right. We think that the statute contemplates no such result; that it does no more than to impose upon the owner who consents to the use of his car, a liability measured by the liability of the user himself; and that where, for whatever reason, no liability exists on the part of the driver, none is imposed on the owner.

Appellant was entitled to a directed verdict in its favor, and the judgment is—*Reversed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.