IN RE ESTATE OF ADAM DOLMAGE.

C. C. HOVEY, Administrator, Appellant, v. FRANK DOLMAGE et al., Executors, Appellees.

**HUSBAND AND WIFE:** Disabilities—Torts During Coverture. A wife may not maintain an action against her husband for damages consequent upon willful injuries inflicted upon her by her husband.

Headnote 1: 30 C. J. p. 955.

Headnote 1: 6 L. R. A. (N. S.) 191; 30 L. R. A. (N. S.) 1153; 52 L. R. A. (N. S.) 185; 6 A. L. R. 1038; 13 R. C. L. 1394.

*Appeal from Iowa District Court.*—RALPH OTTO, Judge.

MARCH 8, 1927.

Proceedings in probate of the estate of Adam Dolmage, deceased, for the establishment and allowance of a claim for damages. A demurrer filed by the executors of the Dolmage estate to the claim was sustained, and, plaintiff electing to stand upon his pleading, judgment dismissing the claim and for costs was entered against him. The plaintiff appeals.—*Affirmed.*

*Bernard McNeny, Edward P. Cronin,* and *Wallace & Claypool,* for appellant.

*Havner, Flick & Powers, T. A. Lane,* and *C. H. Murphy,* for appellees.

STEVENS, J.—Florence and Adam Dolmage, husband and wife, resided in Iowa County, and both died testate on the same day, as the result of gunshot wounds intentionally inflicted by the husband. The claim, which was filed by the administrator with will annexed of the estate of Florence Dolmage, was for damages to her estate as the result of the assault upon her by her husband. The sole question presented on this appeal, therefore, is: May the wife maintain an action against her husband for personal injuries negligently or willfully inflicted upon her by

her husband? That no such action would lie at common law is conceded by all parties.

It is the contention of appellant that the rule of the common law has been abrogated by the statutes of this state, and that the status and rights of a married woman existing prior to her marriage have been fully restored to her. The particular provision of the statute relied upon is Section 10462, Code of 1924, which is as follows:

"When any woman receives an injury caused by the negligence or wrongful act of any person, firm, or corporation, including a municipal corporation, she may recover for loss of time, medical attendance, and other expenses incurred as a result thereof in addition to any elements of damages recoverable by common law."

Other pertinent provisions of the statute also require careful consideration. The Code of 1873 recognized the right of a married woman to sue and be sued in all cases without joining her husband with her, and that an attachment or judgment in such cases might be enforced by or against her, the same as if she were single. Section 2562, Code of 1873. Also, that the wife might receive wages for her personal labor, maintain an action therefor in her own name, hold the same in her own right, and prosecute and defend all actions for the preservation of her rights and property, the same as if unmarried. Section 2211, Code of 1873. And also that, should the husband or wife obtain possession or control of property belonging to the other prior to the marriage, the owner might maintain an action therefor or for any right growing out of the same in the same manner and to the same extent as if unmarried. Section 2204, Code of 1873.

These provisions of the statute have been retained and are Sections 10992, 10461, and 10448, respectively, of the Code of 1924. They have all been construed by this court.

The right of the wife to maintain an action against the husband for a tort committed during coverture was denied in *Peters v. Peters*, 42 Iowa 182, decided in 1875. *Heacock v. Heacock*, 108 Iowa 540, was an action brought by the wife against the husband, to recover upon a written contract. It was held that the action could not be maintained. The decision in *Latcham v. Latcham,* 195 Iowa 221, which was an action upon a promissory

note, was decided upon the ground that the instrument was with-
out consideration. There is in this opinion a parenthetical ref-
erence to the *Heacock* case, in which it is indicated that the
court was not therein reaffirming or approving the earlier case
on the point involved. It is obvious from the holding of the
cases cited that none of the statutes enacted prior to Section
10462 have been considered by this court as intended to confer
a right upon the wife to maintain an action against the husband
for a tort committed against her.

Section 10462 has been construed in two recent decisions by
this court. In *Maine v. Maine & Sons Co.,* 198 Iowa 1278, the
holding of the *Peters* and *Heacock* cases was reaffirmed. The
court, however, in the course of the discussion said:

"No claim is made in this case of a right to recover based
upon Section 3477-a [Section 10462, Code of 1924], and we have
no occasion to consider that statute. In this connection, however,
the discussion in the *Heacock* case, supra, is illuminative. See,
also, *Thompson v. Thompson,* 218 U. S. 611 (54 L. Ed. 1180)."

This statute was carefully considered and construed in
*Gardner v. Beck,* 195 Iowa 62, which was an action by the ad-
ministrator for damages for the wrongfully caused death of a
married woman. The defenses pleaded were a general denial and
the statute of limitations. The precise question involved upon
this appeal was not before the court in the *Gardner* case. It was,
however, pertinent to the questions there, requiring decision to
construe the statute in all of its phases. What is there said
touching the question under discussion is applicable, if not con-
trolling, in this case. In that case we said:

"We hold, therefore, that it does not purport to create a new
cause of action, to accrue in the first instance to the administra-
tor of a woman, but that it does create new elements of damages.
In so far as these additional elements of damages arise for wrong-
ful death, they attach to the original cause of action arising in
the lifetime of the decedent. The cause of action which passes
to the administrator includes, not only damages for wrongful
death, but, relating back to the date of the injury, it includes
all damages ensuing therefrom during the lifetime of the dece-
dent, as well as for her wrongful death. Out of such injury,
only one cause of action accrues."

If the foregoing construction of the statute is adhered to,

then obviously no right is conferred upon the wife to sue the husband for damages to her person or property. Its only purpose was to add to the elements of damages recoverable by her against third persons in certain cases.

There is a sharp division of opinion in the courts of this country as to the force and effect of state statutes construed with reference to the question before us. All courts readily concede that it is the legislative tendency to establish, so far as possible, equality of rights in favor of those sustaining the marriage relation. This legislative tendency has not, however, indicated a purpose to confer greater rights upon the wife than those possessed by the husband. It is clear from the prior decisions of this court that we would not, in the past, have sustained a cause of action in behalf of the husband's estate against his wife for fatal injuries intentionally inflicted upon him by her. Such is the view of courts in other jurisdictions. *Strom v. Strom,* 98 Minn. 427 (107 N. W. 1047) ; *Schultz v. Schultz,* 89 N. Y. 644. Nevertheless, the right of the wife to maintain an action against her husband for torts committed against her is sustained by the courts in several jurisdictions. The decisions of the courts so holding are, of course, based upon statutory enactments, all of which go considerably further than Section 10462, but are, nevertheless, somewhat similar thereto. The cases so holding, so far as they have been brought to our attention, are the following: *Wait v. Pierce* (Wis.), 209 N. W. 475; *Prosser v. Prosser,* 114 S. C. 45 (102 S. E. 787) ; *Crowell v. Crowell,* 180 N. C. 516 (105 S. E. 206) ; *Johnson v. Johnson,* 201 Ala. 41 (77 So. 335) ; *Fitzpatrick v. Owens,* 124 Ark. 167 (186 S. W. 832) ; *Gilman v. Gilman,* 78 N. H. 4 (95 Atl. 657) ; *Fiedler v. Fiedler,* 42 Okla. 124 (140 Pac. 1022) ; *Brown v. Brown,* 88 Conn. 42 (89 Atl. 889). The weight of authority is apparently the other way, as a few of the cases will indicate. *Thompson v. Thompson,* 218 U. S. 611 (54 L. Ed. 1180) ; *Heyman v. Heyman,* 19 Ga. App. 634 (92 S. E. 25) ; *Woltman v. Woltman,* 153 Minn. 217 (189 N. W. 1022) ; *Perlman v. Brooklyn City R. Co.,* 117 Misc. Rep. 353 (191 N. Y. Supp. 891) ; *Smith v. Smith,* 29 Pa. Dist. R. 10; *Oken v. Oken,* 44 R. I. 291 (117 Atl. 357).

It is urged by counsel that Section 10462 is in derogation of the common law, and should, under the statutory rule of this state, be given a liberal construction. Even under a liberal rule

of construction, the statute must be construed so as to give effect
to the legislative intent.   Members of the legislature must be pre-
sumed to know the statutes and the decisions of the courts of this
state.   It would have been an easy matter for the legislature, if
it had intended to restore the status of married women, as to
their rights to maintain actions against their husbands for dam-
ages, to that of unmarried women, to have so stated in clear
language, and not have left the matter to doubt or judicial con-
struction.   With the wisdom or unwisdom of statutes courts are
not concerned.   Their meaning and the legislative intent in their
enactment are matters for the court's consideration.   If the
legislature should desire to establish the rule contended for by
appellant in this state, it has the power to do so; but the lan-
guage of the enactment so providing should be sufficiently
definite and certain to clearly reveal such to be the legislative
purpose and intent.   In our opinion, it was not the intention of
the legislature, by the enactment of any existing statute in this
state, to change the rule of the common law in the particulars
in question.   The relations of husband and wife to each other
are essentially different from those of all other persons, and
statutes dealing therewith should be clear and explicit in mean-
ing, particularly when abrogation of a rule of the common law
is involved.

It follows that the demurrer to appellant's claim was prop-
erly sustained, and the judgment is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.