O. S. HALL, Appellee, v. T. W. MILLER, Appellant.

No. 40664.

MARCH 10, 1931.

REHEARING DENIED JUNE 20, 1931.

Bryson & Bryson, for appellant.

W. W. White, for appellee.

GRIMM, J.—The plaintiff, through a substituted petition, claimed damages against the defendant T. W. Miller and his son Warren Miller upon substantially the following basis:

It is claimed that on or about the 10th day of August, 1928, the defendant T. W. Miller engaged of the plaintiff O. S. Hall the use of two trucks and one driver for the purpose of transporting certain lumber from Iowa Falls, Iowa, to Stout, Iowa, and on the return trip to transport certain shingles from Stout, Iowa, to Iowa Falls, Iowa, it being understood and agreed that the other truck belonging to the plaintiff should be driven by Warren Miller, the minor son of T. W. Miller. The agreed price to be paid by the defendant T. W. Miller to the plaintiff Hall for the use of these two trucks and driver was $30.00.

It appears that while on the trip the truck being driven

by Warren Miller caught fire and was destroyed. This suit is for the value of the truck, alleged to be $500.00.

Each of the defendants Miller filed separate answers in the nature of general denials with special allegations. It is the theory of the plaintiff that at the time of the destruction of the truck the defendant Warren Miller was the agent, representative and employee of the defendant T. W. Miller and that T. W. Miller is responsible to the plaintiff for the negligence of the said Warren Miller. The defendant T. W. Miller denies that Warren Miller was in the employ or service of the defendant T. W. Miller at the time said truck was destroyed. It is the claim of the defendant T. W. Miller that he or the firm of which he was a member employed the plaintiff to haul two truckloads of lumber to Stout, Iowa, and two loads back to Iowa Falls, for the agreed sum of $30.00, and that the defendant T. W. Miller "allowed his said minor son Warren Miller to drive a truck for plaintiff because the plaintiff told him he was short a driver, without cost to plaintiff, that at the time said minor did not make said drive under the direction or control of this defendant, but was under the direction and control of plaintiff; that said truck was damaged by reason of the negligence of the plaintiff."

The jury returned a verdict for the plaintiff against T. W. Miller and returned a verdict for the defendant Warren Miller and a judgment was entered on the verdict in favor of the defendant Warren Miller. None of the evidence is before us. We will assume that Warren Miller was the agent, employee and representative of T. W. Miller at the time of the destruction of the truck. Manifestly, if Warren Miller was the employee or agent of plaintiff, he cannot recover from T. W. Miller on the pleadings in this case, for the loss of the truck because of the negligence of Warren Miller.

The error relied upon for reversal is based upon the trial court's refusal to sustain defendant's motion for judgment notwithstanding the verdict and in not dismissing the plaintiff's petition as to defendant. Plaintiff's petition is bottomed upon the theory that T. W. Miller is liable because of the negligent acts of his son Warren Miller in handling the truck. As the defendant T. W. Miller had nothing to do with the management and operation of the truck, it necessarily follows that if T. W.

Miller is liable, he is liable only because of the negligent acts of his agent and representative, his son, Warren Miller.

The jury found, on the facts, that the defendant Warren Miller was not negligent and a judgment was rendered in favor of the defendant Warren Miller. It is the established rule in this state that under such circumstances the plaintiff cannot recover from the other defendant. This question has been thoroughly discussed and settled in Hobbs v. Illinois Central Railroad Co., 171 Iowa 624; Maine v. Maine & Sons Co., 198 Iowa 1278; Lahr v. Chicago & Northwestern Railway Company, 212 Iowa 544. This question has been so thoroughly discussed in the foregoing cases that a review of it is unnecessary.

Inasmuch as the jury returned a verdict in behalf of the defendant Warren Miller, the plaintiff cannot recover against the defendant T. W. Miller.

The cause must be, and is, reversed.

FAVILLE, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.