ROY L. ALDRICH, Administrator, Appellant, v. REGINALD S. TRACY, Appellee, BENNIE WORM, Executor, Substituted Appellee.

No. 43297.

SEPTEMBER 29, 1936.

J. E. Remley and H. J. Swift, for appellant.

Bronson & Ellis, H. J. Williamson and Yoran & Yoran, for appellee.

DONEGAN, J.—Reginald S. Tracy and Mabel B. Tracy were married in 1902 and lived together as man and wife until October 3, 1934, when she was murdered by her husband, Reginald S. Tracy, acting through an accomplice. Reginald S. Tracy was indicted for murder in the first degree, to which he pleaded guilty and, under the judgment of the trial court, he was sentenced to be hanged. An appeal was taken from this judgment, and on the 27th day of February, 1935, pending such appeal, this action was instituted. In the petition, the plaintiff, Roy L. Aldrich, as administrator of the estate of Mabel B. Tracy, deceased, asked for damages against the defendant, Reginald S. Tracy, in the sum of $15,000, because of burial and funeral expenses, loss of time and earning power and mental pain and suffering that he alleged resulted from the wrongful attack upon and murder of the decedent. To this petition the defendant demurred on the following ground: "The facts stated in the petition do not entitle the plaintiff to the relief demanded in this cause. The petition shows the intestate and the defendant to have been husband and wife, and the tort to have been committed against the intestate by the defendant, her husband. Under the Iowa law recovery is not allowed under these circumstances." Hearing was had upon this demurrer and, on the 15th day of August, 1935, the demurrer was sustained. On the 21st day of August, 1935, the plaintiff elected to stand on the ruling, refused to plead further, and judgment was entered against him for costs. From this judgment the plaintiff, on September 6, 1935, perfected an appeal to this court.

In the meantime, the appeal taken by the defendant in the criminal action, in which he was sentenced to be hanged for the murder of his wife, had been submitted to this court and decision rendered on June 21, 1935, and, following the appeal in the case at bar, the defendant was executed on November 29, 1935. The abstract of record was filed by the appellant on September 19, 1935, and, on the 9th day of January, 1936, appellant filed in this court his brief and argument. Thereafter, on January 28, 1936, the attorneys who had appeared for the defendant and appellee, Reginald S. Tracy, prior to his execution, filed in this court an instrument denominated, ''Special pleading and motion to dismiss'', in which they designated themselves as amici curiae. In this motion they set out a certified copy of the record in the case of State of Iowa v. Reginald S. Tracy, in which it is shown that said Reginald S. Tracy was executed and died on the 29th day of November, 1935, and that, for that reason, the appeal could not be prosecuted in the name of Reginald S. Tracy, appellee. They also set out the fact that the abstract was not filed within forty days before the time fixed by this court for hearing of this appeal, and asked that the appeal be dismissed. To this motion to dismiss, the appellant filed a resistance and application for a continuance. On February 12, 1936, the appellee's motion to dismiss was overruled and appellant's motion for a continuance was sustained. Thereafter, in March 1936, a will of the deceased, Reginald S. Tracy, was probated in the district court of Delaware county, Iowa, Bennie Worm was appointed as executor thereof, and by proper procedure was substituted as appellee in this case. On April 25, 1936, the appellee filed a new motion to dismiss, and a brief and argument on behalf of Bennie Worm, executor, substituted appellee. On May 2, 1936, the appellant filed a motion to strike the appellee's motion to dismiss, a resistance to said motion to dismiss, and a reply argument. The appellee's motion to dismiss, and the appellant's motion to strike and resistance to appellee's motion to dismiss were not ruled on prior to the submission of the case. We have examined these motions and resistance, and have considered the arguments and authorities cited in support thereof, and it is our ruling that the resistance to the motion to dismiss be sustained, and that the motion to dismiss be and the same is overruled.

On the merits of the case itself, one proposition only is pre-

sented for our consideration: Did the plaintiff, as administrator of the estate of Mabel B. Tracy, deceased, have the right to maintain an action against her surviving husband, Reginald S. Tracy, because of the wrongful injuries and death inflicted upon Mabel B. Tracy by the defendant, Reginald S. Tracy? The demurrer is based upon the single ground that no such right existed, for the reason that the petition shows that Reginald S. Tracy and Mabel B. Tracy were husband and wife at the time the tort sued upon was committed, and that, under the laws of this state, a wife cannot maintain a suit or obtain judgment against her husband for damages growing out of a tort committed upon her by him.

It is conceded that no such action could be maintained by the wife against her husband at common law. It is contended by the appellant, however, that the common law restriction has been removed by statutory enactment in this state. The particular statute upon which the appellant relies in this case is chapter 214 of the Acts of the Forty-fourth General Assembly, which appears in the Codes of 1931 and 1935 as section 10991-d1. Appellee, on the other hand, contends that, neither under the language of this section, nor under the decisions of this court, construing previous legislative enactments changing the common law status of women, can the statute relied upon by the appellant be construed so as to entitle a married woman or her estate to maintain an action for damages for personal injuries or death against her husband. In the case of Peters v. Peters, 42 Iowa 182, a wife sought to maintain an action against her husband for tort consisting of various assaults and batteries made upon her by him. At that time there was a statute in this state (section 2204, Code of 1873) which provided that, "Should either the husband or wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and extent as if they were unmarried." There was a further statute (section 2211, Code of 1873) which provided that, "A wife may receive the wages of her personal labor and maintain an action therefor in her own name, and hold the same in her own right; and she may prosecute and defend all actions at law or in equity for the preservation and protection of her rights and property, as if unmarried." This court held that these statutes did not

so·change the common law as to authorize the wife to maintain an action for tort against her husband.

Section 2562, Code of 1873, provided that, "A married woman may in all cases sue and be sued without joining her husband with her, and an attachment or judgment in such action shall be enforced by or against her as if she were single." This provision was carried into the Code of 1897 as section 3477. By chapter 163 of the Acts of the Thirty-fourth General Assembly, section 3477 of the Code of 1897 was repealed and section 3477-a of the 1913 supplement to the Code was enacted in lieu thereof. This latter provision was carried into the Code of 1924, but in the recodification it was divided into sections 10462, 10463, and 10464. In 1928 this court had under consideration the case of In re Estate of Dolmage, 203 Iowa 231, 212 N. W. 553. This case involved a claim for damages by the administrator of the estate of Florence Dolmage, deceased, against the estate of her deceased husband, growing out of her wrongful death which was caused by him. The particular provision of the statute which was relied upon in that case, and which it was claimed authorized the maintenance by a wife of a suit against her husband for wrongful injury or death, was section 10462 of the Code of 1924, which provided that, "When any woman receives an injury caused by the negligence or wrongful act of any person, firm, or corporation, including a municipal corporation, she may recover for loss of time, medical attendance, and other expenses incurred as a result thereof in addition to any elements of damages recoverable by common law." In an opinion which considered the provisions of prior statutes concerning the legal status of women, and previous decisions of this court construing such statutes, Mr. Justice Stevens said:

"The right of the wife to maintain an action against the husband for a tort committed during coverture was denied in Peters v. Peters, 42 Iowa 182, decided in 1875. Heacock v. Heacock, 108 Iowa 540, 79 N. W. 353, 75 Am. St. Rep. 273, was an action brought by the wife against the husband, to recover upon a written contract. It was held that the action could not be maintained. The decision in Latcham v. Latcham, 195 Iowa 221, 191 N. W. 977, which was an action upon a promissory note, was decided upon the ground that the instrument was without consideration. There is in this opinion a parenthetical reference to

the Heacock case, in which it is indicated that the court was not therein reaffirming or approving the earlier case on the point involved. It is obvious from the holding of the cases cited that none of the statutes enacted prior to section 10462 have been considered by this court as intended to confer a right upon the wife to maintain an action against the husband for a tort committed against her. * * *

"It is urged by counsel that section 10462 is in derogation of the common law, and should, under the statutory rule of this state, be given a liberal construction. Even under a liberal rule of construction, the statute must be construed so as to give effect to the legislative intent. Members of the legislature must be presumed to know the statutes and the decisions of the courts of this state. It would have been an easy matter for the legislature, if it had intended to restore the status of married women, as to their rights to maintain actions against their husbands for damages, to that of unmarried women, to have so stated in clear language, and not have left the matter to doubt or judicial construction. With the wisdom or unwisdom of statutes courts are not concerned. Their meaning and the legislative intent in their enactment are matters for the court's consideration. If the legislature should desire to establish the rule contended for by appellant in this state, it has the power to do so, but the language of the enactment so providing should be sufficiently definite and certain to clearly reveal such to be the legislative purpose and intent. In our opinion, it was not the intention of the legislature, by the enactment of any existing statute in this state, to change the rule of the common law in the particulars in question. The relations of husband and wife to each other are essentially different from those of all other persons, and statutes dealing therewith should be clear and explicit in meaning, particularly when abrogation of a rule of the common law is involved."

By chapter 214, Acts of the Forty-fourth General Assembly, the legislature, in 1931, repealed sections 10462, 10463, and 10464 of the Code of 1927 (which were the same as in the Code of 1924), and substituted in lieu thereof the following:

"Sec. 2. In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof in the same manner as in cases of damage because of the

wrongful or negligent injury or death of a man. It is the purpose of this section to remove any common law disabilities or restrictions upon women, or the rights of women, whether single or married, and to give women the same rights and the same status as are possessed by men.''

It is the contention of the appellant that, regardless of the decisions of this court in reference to previous statutory enactments, the law as contained in section 2 of chapter 214 of the Acts of the Forty-fourth General Assembly, now section 10991-d1, Code of 1935, clearly shows an intention on the part of the legislature to remove all common law disabilities of women, and that, under this section, the plaintiff has the right to maintain this action for the damages that resulted from the injuries and death of Mabel B. Tracy, which were caused by her husband, Reginald S. Tracy. With this contention, we are unable to agree.

If only the language of certain portions of the statute be considered, it might be possible to agree with the appellant's contention. The statute does say that, ''In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions.'' And it further says that, ''It is the purpose of this section to remove any common law disabilities or restrictions upon women, or the rights of women, whether single or married.'' As said by Mr. Justice Stevens, however, in In re Estate of Dolmage, supra, ''members of the legislature must be presumed to know the statutes and the decisions of the courts of this state. It would have been an easy matter for the legislature, if it had intended to restore the status of married women, as to their rights to maintain actions against their husbands for damages, to that of unmarried women, to have so stated in clear language, and not have left the matter to doubt or judicial construction.'' In view of the previous history of legislation of this kind, and in view of the decisions of this court construing prior statutes in connection with the very question here involved, with all of which the legislature must be presumed to have been familiar, we think it but natural and reasonable to expect that, if the legislature thereafter attempted to change the legal status of women, and, if it intended to obviate the effect of the decisions of this court in previous cases and give a married woman the right to maintain an action for tort against her husband, it would have been able to find

language which would express its meaning, and it would have expressed its meaning so clearly as to leave no doubt in the mind of anyone. Not only did the legislature not use language which would convey to one familiar with the previous legislation and decisions of this court the meaning for which appellant now contends, but, by the language which it used, it would appear that the legislature positively intended that the rights which it sought to bestow upon women should be the same as, and no greater than, the rights possessed by men. The statute contains two sentences. The first sentence provides that, "In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof *in the same manner as in cases of damage because of the wrongful or negligent injury or death of a man.*" (Italics are ours.) The second sentence provides that, "It is the purpose of this section to remove any common law disabilities or restrictions upon women, or the rights of women, whether single or married, *and to give women the same rights and the same status as are possessed by men.*" (Italics are ours.)

It is well settled, and is not disputed by appellant, that, under the common law, and under the statutes of this state, a married man does not have the right to maintain an action against his wife for injuries inflicted upon him by her. 30 C. J. 714; Peters v. Peters, 42 Iowa 182; Heacock v. Heacock, 108 Iowa 540, 79 N. W. 353, 75 Am. St. Rep. 273; Maine v. Maine & Sons Co., 198 Iowa 1278, 201 N. W. 20, 37 A. L. R. 161; In re Estate of Dolmage, 203 Iowa 231, 212 N. W. 553. We think the language of the statute is so plain that there can be no question but that the legislature meant to place both men and women in the same status as regards their rights to maintain suits for wrongful injuries suffered by them. If either a man or a woman be single, he or she may maintain such action against any other person; but if either a man or woman be married, he or she cannot maintain such an action against his or her wife or husband. We are satisfied that the trial court committed no error in sustaining the demurrer to the plaintiff's petition, and the judgment appealed from is, therefore, affirmed.—Affirmed.

Parsons, C. J., and Albert, Mitchell, Kintzinger, Richards, and Hamilton, JJ., concur.