**Marjorie E. BLUNT, Plaintiff,**

**v.**

**Joseph Dale BROWN and Leo Franklin Brown, Defendants.**

**Marjorie E. BLUNT, Parent and Natural Guardian for Patricia Blunt, a Minor and Incompetent Child, Plaintiff,**

**v.**

**Joseph Dale BROWN and Leo Franklin Brown, Defendants.**

**Civ. Nos. 2–569, 2–570.**

United States District Court
S. D. Iowa,
Davenport Division.
Dec. 23, 1963.

---

20. Transcript, page 59.

21. Transcript, page 64.

George A. Goebel, of Kopf & Christiansen, Davenport, Iowa, for Howard Blunt, Jr.

Robert V. P. Waterman, of Lane & Waterman, Davenport, Iowa, for Joseph Dale Brown and Leo Franklin Brown.

STEPHENSON, Chief Judge.

This matter is before the Court on the motions of defendants, Joseph Dale Brown and Leo Franklin Brown, for leave to make Howard Blunt, Jr. a third party defendant in the above causes pursuant to Rule 14 of the Federal Rules of Civil Procedure. The motions in each of the causes raise practically identical issues and for this reason they will be treated jointly.

In this action the plaintiffs, Marjorie E. Blunt and Patricia Blunt by her parent and guardian, Marjorie E. Blunt, seek damages for personal injuries arising out of an automobile accident occurring January 8, 1963. The plaintiffs were riding as passengers in an automobile owned and operated by Howard Blunt, Jr., which collided with an automobile owned by the defendant, Leo Franklin Brown and driven by defendant, Joseph Dale Brown.

In the proposed third-party complaint, the defendants allege their right to indemnity from Howard Blunt, Jr. for any damages they might be compelled to pay to the plaintiffs, and alternatively, they seek equitable contribution from Howard Blunt, Jr. The defendants contend that the presence of Howard Blunt, Jr., as a third-party defendant, should be required so that the rights and liabilities of the various parties can be disposed of in one action, thereby avoiding multiple suits and duplication of expenses.

Howard Blunt, Jr., in resistance to the motion to bring in third-party defendant, asserts that the defendants can have no indemnity or contribution in the absence of a common liability to the injured plaintiffs. Blunt further asserts that certain releases entered into by himself and the defendants have released him from all claims which the defendants might have against him including the right to seek contribution and indemnity.

The Court will consider Howard Blunt, Jr.'s defenses in the order asserted by him in his resistance. First of all, Blunt contends that because there is no actionable negligence as between the plaintiffs and himself, there is absent an essential element of contribution or indemnity, i. e., common liability. The Court is in agreement with this contention.

Rule 14, Federal Rules of Civil Procedure, upon which the defendants premise their motion states that "[A] defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." While Rule 14 provides this Court with the necessary procedural authorization for the joinder of a third-party defendant who is or may be liable to the movant, the question of whether the movant is entitled to contribution or indemnity is an issue of substantive law governed by the law applicable in the state where the tort occurred. Chicago & Northwestern Ry. Co. v. Chicago R. I. & P. R. Co., 179 F.Supp. 33, 39 (N.D. Iowa, 1959); Gentry v. Jett, 173 F.Supp. 722 (W.D.Ark., 1959), aff'd, 273 F.2d 388 (8 Cir., 1960); see also 60 A.L.R.2d 1370. Because the accident occurred in Iowa its law is determinative. Looking then to Iowa law it appears, that while the law is only of recent vintage, it is now well established that when the active but unintentional negligence of two parties concurs to injure a third party, the two tort-feasors may have a right to contribution against each other. Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23 (1956). The doctrine of indemnity is also firmly fixed in Iowa law. Blackford v. Sioux City Dressed Pork, Inc., 118 N.W. 2d 559 (Iowa 1962). For a discussion of the Iowa rules as to indemnity and contribution see, Chicago & N. W. Ry Co. v. Chicago R. I. & P. R. Co., 179 F.Supp. 33, 57–62, (N.D.Iowa, 1959). The right to indemnity or contribution presupposes actionable negligence of both parties to an injured third-party. Allied Mutual Casualty Co. v. Long, 252 Iowa 829, 107 N.W.2d 682 (1961); Hawkeye-Security Insurance Co. v. Lowe Construction Co., 251 Iowa 27, 99 N.W.2d 421 (1959); Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23 (1956). The right to contribution among concurrent tort-feasors is based upon a common liability to a third party. Allied Mutual Casualty Co. v. Long, supra.

This then brings us to the heart of the issue now before the Court. Did the present defendants and the proposed third-party defendant have a common liability to the injured plaintiffs? Was there actionable negligence upon which

the plaintiffs could rely against either the present defendants or against Blunt?

The Court finds that several legal principles present in this case are destructive of the necessary common liability. The first of these principles to be regarded is the doctrine of "marital immunity." The pleadings before the Court reveal that the proposed third-party defendant is the husband of the plaintiff, Marjorie E. Blunt. It was the rule at common law and seemingly still the law in Iowa that a wife cannot maintain a suit or obtain judgment against her husband for damages growing out of a tort committed by him upon her. Aldrich v. Tracy, 222 Iowa 84, 269 N.W. 30 (1936); In Re Estate of Dalmage, 203 Iowa 231, 212 N.W. 553 (1927); Maine v. Maine & Sons Co., 198 Iowa 1278, 201 N.W. 20 (1924); Peters v. Peters, 42 Iowa 182 (1875); See also 4 Drake Law Review 51. The defendants in argument upon their motion have suggested that certain Iowa statutes have abrogated the common law in Iowa. It is true that § 613.11 Iowa Code I.C.A., has been amended once (in 1941) since the latest pronouncement of the Iowa position by the Iowa Supreme Court. However, the language used by the Iowa legislature in that amendment is not such as to positively indicate that the veil of marital immunity has been removed in Iowa. The Iowa Supreme Court has on several occasions construed prior statutes in connection with the common law rule of immunity and each time the immunity doctrine has withstood the test. See Aldrich v. Tracy, 222 Iowa 84, 269 N.W. 30 (1936). This Court deems it to be a proper assumption that it is still the law of Iowa that a spouse has no right of action against the other to recover damages for personal injuries caused by the other even though the "trend" in other jurisdictions may be one advocating the removal of such a disability. See Annotation, 43 A.L.R.2d 632.

The other plaintiff in this action is the daughter of the proposed third-party defendant, Howard Blunt, Jr. Thus, in determining whether there would be actionable negligence, as a basis for contribution, between this injured plaintiff and the proposed third-party defendant, the Court is troubled by the legal question of whether in Iowa an unemancipated minor child can maintain an action against his parent to recover damages for negligence. It appears that the question has not been determined in Iowa.[1] Cody v. J. A. Dodds & Sons, 252 Iowa 1394, 110 N.W.2d 255 (1961). Were it not for the Iowa Guest Statute, § 321.494, Code of Iowa, 1962, I.C.A., it would be necessary to predict what the Iowa position is in regard to any disability a minor might have in a suit against his parent so that the "Common liability" element of contribution might be resolved. In view of the position taken hereinafter in regard to the Iowa Guest Statute the Court finds it unnecessary to decide the question of parent-child immunity.

Under the Iowa Guest Statute, § 321.494, the liability of an operator of a motor vehicle to a person riding in it as a guest, is limited to damage caused by the driver's being under the influence of intoxicating liquor or by his reckless operation of the vehicle. Winter v. Moore, 121 N.W.2d 82 (Iowa 1963). Nothing appears in the record as it now stands to indicate either the presence of recklessness or intoxication. Nor does it appear that the plaintiff's status was other than that of a guest. Thus, the proposed third-party defendant, not being liable for ordinary negligence, was not liable to the plaintiff in the absence of a showing of recklessness or intoxication. On the other hand, the present defendants were not protected by the limitations of the guest statute as to the suit against them. They were liable for ordinary negligence. Consequently, the element of common liability necessary for contribution has not been established.

To reiterate, the right to contribution or indemnity arises out of a common lia-

---

1. For dictum that an unemancipated minor child would not likely have liability were he to be a proposed third-party defendant see Van Tiger v. Hendricks, 249 Iowa 25, 85 N.W.2d 543 (1957).

bility. Here common liability has been precluded by reason of marital immunity or the guest statute. An injured party plaintiff in the suit from which a right of contribution or indemnity develops must have a cause of action against the party from whom contribution or indemnity is sought. No such cause of action exists on the part of these plaintiffs against the proposed third-party defendant.[2] Chicago R. I. & P. R. Co. v. Chicago & N. W. Ry. Co., 280 F.2d 110 (8 Cir., 1960); American Auto Ins. Co. v. Molling, 239 Minn. 74, 57 N.W.2d 847 (1953); Yellow Cab Co. v. Dreslin, 181 F.2d 626 (D.C. Cir.1950); Annotation, 60 A.L.R.2d 1385.

In support of their motions the present defendants have strongly relied upon the case of Blackford v. Sioux City Dressed Pork, Inc., 118 N.W.2d 559 (Iowa 1963). In that case the Iowa Supreme Court was concerned with whether a party who may be compelled to respond in damages for negligence could have indemnity against the employer of the injured employee who had compensated such employee under the Iowa Workmen's Compensation Act. The Court held that the cross-action for indemnity could be maintained. The case is certainly not persuasive in support of the right to contribution. The defendants appear to be urging that common liability is not a requisite for an indemnity claim.

■■■■ The distinction between claims for indemnity and contribution is that indemnity requires a shifting of an entire loss from one tortfeasor to another while contribution implies a sharing of the loss. Bolton v. Ziegler, 111 F.Supp. 516 (N.D. Iowa, 1953). As is true of contribution, indemnity may arise as between two tortfeasors who are both under liability to a third person because of a violation of a duty or duties owed by them to such third person. Great Northern Railway Co. v. Bartlett & Co., 298 F.2d 90 (8 Cir., 1962); Bolton v. Ziegler, supra; Best v.

Yerkes, 247 Iowa 800, 77 N.W.2d 23 (1956). Just as in a claim for contribution, if there is an absence of some common liability, there can be no equitable remedy for indemnity between joint tortfeasors under Iowa law. Great Northern Railway Co. v. Bartlett & Co., supra. The defendants' apparent position that common liability is not a requisite for indemnity is without merit, as the position pertains to the facts of this case. Referring to the Blackford case cited by the present defendants, it is to be noted that there the provisions of the Iowa Workmen's Compensation Act were unsuccessfully asserted as a barrier to a cross-claim for indemnity by the party opposing the cross-claim. The Court held that the cross-claim could be maintained, not on the basis of a claim of negligence of the employer which injured the employee, but upon a breach of an implied contract to do the work safely between the employer and the cross-petitioner who might be compelled to respond in damages in a suit by the injured employee. Thus, there was an independent duty or obligation owed by the employer to the cross-petitioner. In the case before this Court no independent duty is owed by the proposed third-party defendant to the present defendants. Here the obligation, if any, existed solely in a negligence setting, i. e., liability must have arisen because of the automobile collision. Absent some independent duty, contractual or one implied by law, common liability is a requisite for indemnity in a case such as the one before this Court. For the reasons previously stated, common liability did not arise in this case and, consequently, the present defendants are without a right to either contribution or indemnity.

As a further resistance the proposed third-party defendant alleges the existence of certain releases executed by the present defendants releasing the proposed third-party defendant. In view of what has already been decided, no useful

---

2. However, for a case disapproving adherence to the common liability rationale

see, Bedell v. Reagan, 29 Auto. Cases 2nd 129 (Maine 1963).

purpose would be served by pursuing this issue. The motion for leave to make Howard Blunt, Jr. a third-party defendant is hereby denied.