FLORENCE S. FLOGEL, appellant, v. URBAN H. FLOGEL, appellee.

No. 51592.

(Reported in 133 N.W.2d 907)

MARCH 9, 1965.

548

William T. Connery, of Dubuque, for appellant.

Kenline, Reynolds, Roedell & Breitbach, of Dubuque, for appellee.

MOORE, J.—Plaintiff is defendant's wife and appeals from a judgment holding she cannot recover damages against her husband in the Iowa court for injuries she sustained by reason of negligent operation of his automobile in Wisconsin.

Plaintiff's petition alleges the parties are residents of Iowa and that she was severely injured on April 5, 1962, while riding in an automobile negligently operated by her husband in Grand County, Wisconsin. She asks damages, including loss of earnings as a factory worker.

Defendant's motion to dismiss, which the trial court sustained, is limited to the ground that plaintiff may not maintain such an action against her husband in this state.

Plaintiff contends (1) the Wisconsin law, which she alleges permits a wife to sue her husband for tort, applies here and (2) interspousal immunity has been or should be abrogated in Iowa.

I. We believe our opinion in Fabricius v. Horgen, 257 Iowa 268, 132 N.W.2d 410, is decisive of plaintiff's first contention. There plaintiff as administrator brought action in Iowa for loss caused by decedent's death in an automobile accident in Minnesota. The Minnesota statutory law required such an action be prosecuted by a court appointed trustee and any recovery be distributed to the next of kin by the trustee. The question presented was whether the law of the place of the wrong or of the forum was to be applied as to the proper party to bring the action, for whom, and the measure of damages.

After reviewing our earlier cases, several recent rulings on the subject in other jurisdictions and calling attention to the

trend toward an improvement of the rule as noted in Restatement of Conflict of Laws, Second, Tentative Draft No. 9, section 379, we say at page 278 of 257 Iowa, page 416 of 132 N.W.2d: "We conclude that the better and more modern rule is that the determination as to the existence of actionable negligence is according to the law of the jurisdiction where the claimed tort occurred, in this instance, Minnesota. Questions as to who may maintain an action in Iowa, for whom, and the measure of damage are determined by the law of the forum, in this instance, Iowa. When an Iowa administrator brings an action in the Iowa courts for the benefit of Iowa people and against an Iowa defendant his standing, his methods of procedure and his measure of damage are according to Iowa law. To use the modern term he has made his 'choice of law' and must abide thereby."

The exact question present here is new to this court but has been decided in several other jurisdictions. The rule seems firmly established that if the law of the forum prohibiting the maintenance of a tort action between spouses is regarded by the court of the forum as forming an essential part of the public policy which will be contravened by the enforcement of a cause of action created by the law of the state where the tort occurred, the cause of action will not be enforced at the forum, although its existence elsewhere may be conceded. In other words, the family law of the forum is applied.

In Mertz v. Mertz, 271 N. Y. 466, 3 N.E.2d 597, 108 A. L. R. 1120, plaintiff sued her husband in their home state of New York for injuries sustained by her in Connecticut as a result of her husband's negligent operation of his automobile. Connecticut permitted a wife to sue her husband for tort but New York at that time did not. The court affirmed dismissal of her petition and at page 473 of 271 N. Y., page 599 of 3 N.E.2d, states: "The law of the forum determines the jurisdiction of the courts, the capacity of parties to sue or to be sued, the remedies which are available to suitors and the procedure of the courts. Where a party seeks in this state enforcement of a cause of action created by foreign law, he can avail himself only of the remedies provided by our law, and is subject to the general limitations which are part of our law."

In Koplik v. C. P. Trucking Corp., 27 N. J. 1, 141 A.2d 34, plaintiff's action included a defendant whom she married during the pendency of the cause. The accident took place in New York where a statute (New York Domestic Relations Law, section 57) had been passed specifically permitting a suit by a husband or wife against the other for personal injuries. New Jersey law forbids such an action. The court ordered plaintiff's action against her newly acquired husband dismissed. At page 11 of 27 N. J., page 40 of 141 A.2d, the court states: "As a final word on the subject, we hold the view that even where an actual conflict-of-laws problem is directly presented, it is sensible and logical to have disabilities to sue and immunities from suit arising from the family relationship determined by reference to the law of the state of the family domicile when the suit is brought in that state. Otherwise, the lex loci will be permitted to interfere seriously with a status and a policy which the state of residence is primarily interested in maintaining."

The Wisconsin court in Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 138, 95 N.W.2d 814, 818, when faced with the problem of interspousal liability for tort and the determination of which law controlled, overruled six prior decisions and held the law of the forum applied. Plaintiff brought suit against her husband in Wisconsin for injuries sustained in California. Under the Wisconsin law a wife may sue her husband in tort. At that time under California law she could not. After analyzing its prior cases, those from other jurisdictions and several law review articles the court states: "After most careful deliberation, it is our considered judgment that this court should adopt the rule that, whenever the courts of this state are confronted with a conflict-of-laws problem as to which law governs the capacity of one spouse to sue the other in tort, the law to be applied is that of the state of domicile."

The New Hampshire court in deciding the problem in Thompson v. Thompson, 105 N. H. 86, 89, 193 A.2d 439, 441, 96 A. L. R.2d 969, 973, states:

"We have no doubt that the law of the jurisdiction where a tort is committed should continue to determine the applicable standard of care. * * * We are persuaded however that since the

parties are both domiciled as husband and wife in New Hampshire, the law of this jurisdiction, rather than of Massachusetts, should determine whether the plaintiff may maintain her action against her husband. * * * We consider that the incidents of the status of marriage of parties domiciled here should not be determined by the law of another jurisdiction merely because they' chance to be involved in an accident there."

Prior New Hampshire cases to the contrary are overruled.

For like holdings see Poling v. Poling, 116 W. Va. 187, 179 S.E. 604; Kircher v. Kircher, 288 Mich. 669, 286 N.W. 120; Kyle v. Kyle, 210 Minn. 204, 297 N.W. 744; Emery v. Emery, 45 Cal.2d 421, 289 P.2d 218.

We hold the Iowa law, being that of the domicile and forum, governs plaintiff's right to maintain this action.

II. This brings us to plaintiff's second contention, that a wife may maintain an action in this state against her husband for tort.

It is well settled, and is not disputed by plaintiff, that under the common law a wife does not have the right to maintain such an action. 27 Am. Jur., Husband and Wife, section 589; 41 C. J. S., Husband and Wife, section 396(a).

Little, if any, attempt has been made to change the common-law rule in the absence of a statute. However, the widespread enactment of married women's statutes has resulted in a great amount of litigation involving the rule of interspousal disability. Most courts in construing such statutes adhere to the common-law rule unless the statute clearly makes a change. The many cases on the subject, including those listed under the majority and minority holdings, are annotated in 43 A. L. R.2d 632. At page 651 the writer states: "In adhering to or rejecting the common-law rule that one spouse is disabled by virtue of the spousal relationship from bringing a personal injury action against the other, the courts have stated various reasons for their holdings, but the difference in result can, in almost every instance, be traced to a different interpretation of the applicable married women's acts."

Citation and discussion of specific interpretations in other jurisdictions would be of little help. Our married women's

statutes have been construed by us. We are committed to the majority holding that unless the common-law rule of spousal immunity is clearly abrogated by statute it applies in Iowa.

In Peters v. Peters, 42 Iowa 182, plaintiff sued her husband in tort for assaults and batteries committed at various times upon her prior to July 26, 1875. The opinion at page 183 states: "If this action can be maintained, it is because of the provisions of our statute."

Sections 2204 (now section 597.3) and 2211 (now section 597.16) were cited as changing the common-law rule of interspousal immunity.

Section 597.3 provides: "Remedy by one against the other. Should the husband or wife obtain possession or control of property belonging to the other before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and extent as if they were unmarried."

Section 597.16 provides: "Wages of wife—actions by. A wife may receive the wages for her personal labor, and maintain an action therefor in her own name, and hold the same in her own right, and may prosecute and defend all actions for the preservation and protection of her rights and property, as if unmarried."

As pointed out in the Peters case what is now section 597.16 refers to and authorizes actions against parties other than the husband; for if this section allows an action generally against a husband, it covers and embraces more than is included in section 597.3, and that section is rendered useless and meaningless.

In construing what is now section 597.3 the Peters case recognizes a right to sue for an injury is property for which a wife may sue but without a right to sue she would not have a property right. In other words the argument that a wife is authorized to sue her husband for tort assumes the thing undertaken to be proved.

The Peters case holds these statutes contain no provisions which authorize a wife to sue her husband for tort. We have discovered no reason to change this ruling.

These same two Code sections are again construed in Heacock v. Heacock, 108 Iowa 540, 79 N.W. 353, 75 Am. St. Rep.

273, where the common-law rule of spousal immunity is cited and it is held a wife could not maintain an action against her husband for unpaid interest on a promissory note executed by him to her.

Plaintiff, in In re Estate of Dolmage, 203 Iowa 231, 212 N.W. 553, claimed damages for unlawful death of a wife by her husband. Plaintiff contended the existing statutes, particularly section 10462, Code of 1924, abrogated the recognized common-law rule.

That section (later repealed) provided: "When any woman receives an injury caused by the negligence or wrongful act of any person, firm, or corporation, including a municipal corporation, she may recover for loss of time, medical attendance, and other expenses incurred as a result thereof in addition to any elements of damages recoverable by common law."

In affirming the trial court's order sustaining a demurrer and judgment dismissing the claim this court said: "Members of the legislature must be presumed to know the statutes and the decisions of the courts of this state. It would have been an easy matter for the legislature, if it had intended to restore the status of married women, as to their rights to maintain actions against their husbands for damages, to that of unmarried women, to have so stated in clear language, and not have left the matter to doubt or judicial construction. * * * If the legislature should desire to establish the rule contended for by appellant in this state, it has the power to do so; but the language of the enactment so providing should be sufficiently definite and certain to clearly reveal such to be the legislative purpose and intent. In our opinion, it was not the intention of the legislature, by the enactment of any existing statute in this state, to change the rule of the common law in the particulars in question. The relations of husband and wife to each other are essentially different from those of all other persons, and statutes dealing therewith should be clear and explicit in meaning, particularly when abrogation of a rule of the common law is involved." (Loc. cit. page 235, 203 Iowa, pages 554, 555, 212 N.W.)

In 1931 the legislature (Forty-fourth General Assembly)

repealed sections 10462, 10463 and 10464, Code of 1927, and substituted in lieu thereof the following:

"In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof in the same manner as in cases of damage because of the wrongful or negligent injury or death of a man. It is the purpose of this section to remove any common law disabilities or restrictions upon women, or the rights of women, whether single or married, and to give women the same rights and the same status as are possessed by men." (Codes 1931, 1935, section 10991-d1, Code 1939, section 10991.1)

This new section, together with the prior existing statutes, was relied on in Aldrich v. Tracy, 222 Iowa 84, 269 N.W. 30, to support plaintiff's contention spousal immunity had been abrogated by legislative enactment. There suit was brought by the administrators of the wife's estate against the husband for damages caused by his taking her life.

After considering this new statute, existing statutes and our prior decisions this court again affirmed the trial court's sustaining of a demurrer and a judgment dismissing the action on the ground the interspousal immunity rule had not been abrogated.

At pages 90, 91, 222 Iowa, page 33, 269 N.W., we say: "In view of the previous history of legislation of this kind, and in view of the decisions of this court construing prior statutes in connection with the very question here involved, with all of which the legislature must be presumed to have been familiar, we think it but natural and reasonable to expect that, if the legislature thereafter attempted to change the legal status of women, and, if it intended to obviate the effect of the decisions of this court in previous cases and give a married woman the right to maintain an action for tort against her husband, it would have been able to find language which would express its meaning, and it would have expressed its meaning so clearly as to leave no doubt in the mind of anyone. Not only did the legislature not use language which would convey to one familiar with the previous legislation and decisions of this court the meaning for which appellant now contends, but, by the language which it

used, it would appear that the legislature positively intended that the rights which it sought to bestow upon women should be the same as, and no greater than, the rights possessed by men."

The Forty-ninth General Assembly in 1941 amended section 10991.1, Code, 1939, by striking the last sentence thereof and in lieu thereof substituted the following: "In addition she, or her administrator for her estate, may recover for physician's services, nursing and hospital expense, and the value of her services as wife, or mother, or both, as the case may be, in such sum as the jury deems proper; provided, however, recovery for these elements of damage may not be had by the husband, as such, of any woman who, or whose administrator, is entitled to recover same."

As so amended this statute has remained unchanged and is now Code section 613.11. The amendment gives no indication of any legislative intent to abrogate the interspousal immunity rule. If it is to be done we are committed to the proposition the legislature must do so in such clear language as to leave no doubt in the mind of anyone. We find no such expression in our present statutes.

The ruling of the trial court is correct.—Affirmed.

All JUSTICES concur.